### KELLOGG & DUMONT *vs.* RICHARDS & SHERMAN.

Where a *creditor* on a compromise with his *debtor* accepts the note of a *third person* for a less sum than the debt due to him, in full payment of such debt, the transfer and acceptance of such note may be pleaded as an *accord and satisfaction* in bar of an action for the recovery of any portion of the debt beyond the sum secured by the note.

Where, upon such compromise being made, the creditor endorsed upon a note he held against his debtor, that he had received the note of a third person *as a compromise for the full payment* of the note of his debtor, and afterwards brought an action against his debtor and offered to prove that at the time of the compromise the debtor *verbally agreed* to make a further payment in addition to the note transferred, so as in the whole to pay one dollar in the pound: *It was held* that such evidence was inadmissible, as *varying* the written contract between the parties, and that the rule allowing evidence to vary or explain a *receipt* did not apply to a transaction like this, but was limited and confined to a technical *receipt* in the strict sense of that term.

ERROR from the superior court of the city of New-York. The plaintiffs in error declared in the court below in *assumpsit* for goods sold and delivered, on an account stated and on the common money counts. The defendants pleaded the general issue with notice of special matter. On the trial an account current rendered by the defendants was produced, acknowledging a balance due to the plaintiffs on the 11th July, 1829, of $1627,44, and the plaintiffs rested. The defendants then

gave in evidence a note made by them to the plaintiffs for the above balance, bearing date on the day the balance was certified, payable in thirty days, which note appeared to be *cancelled,* and on the back of it was an endorsement in these words: " Rec'd of Richards & Sherman S. H. Addington's note dated 30th July, 1829, payable four months after date, for $431,40, *as a compromise for the full payment of the note.* Oct. 14, 1829." (Signed) Kellogg & Dumont, per C. & O. Wardell, agents. One of the firm of C. & O. Wardell testified that he and his partner held the defendants' note for the purpose of settlement, that they received Addington's note, and as the agent of the plaintiffs made the above endorsement on the note of the defendants, and delivered up the same to them. The plaintiffs offered to prove that at the time of the acceptance of Addington's note by their agents, and the delivery to the defendants of their note, with the above endorsement thereon, the defendants agreed by *parol* to pay to the plaintiffs such sum beyond the amount of Addington's note as would make the payment to the plaintiffs equal to *one dollar* in the pound : which evidence was objected to by the defendants, and rejected by the court. Addington's note was a business note given to the defendants for a balance due to them, and the note was paid by Addington at maturity. The defendants stopped payment in the summer of 1829, and compromised with their creditors generally at 62½ cents in the pound. The jury, under the charge of the court, found a verdict for the defendants, on which judgment was entered. The plaintiffs sued out a writ of error.

*S. Sherwood,* for plaintiffs in error.

*S. P. Staples,* for defendants in error.

*By the Court,* NELSON, J. This case does not show a composition of the defendants with all their creditors, and therefore the objection does not properly arise that one creditor cannot secretly stipulate for an amount beyond the composition agreed upon with all the others, and that the agreement

for that cause is void as a fraud upon the other creditors. 10 *Wend.* 479, *and cases there cited.* For aught that appears, the defendants settled with each creditor, and among them with the plaintiffs, on the best or such terms as they could obtain.

That a *technical receipt* can be explained by *parol evidence,* and is in this respect an exception to the general rule of evidence applicable to written instruments, has been repeatedly ruled and acted upon in this court. 1 *Johns. Cas.* 145. 2 *Johns. R.* 379. 3 *id.* 319. 5 *id.* 68. 8 *id.* 390. 9 *id.* 311. 2 *T. R.* 366. 5 *id.* 369. 5 *Barn. & Ald.* 606, *Holroyd and Best, justices.* 2 *Stark. Ev.* 571—702. 11 *Mass. R.* 32. The principle is strongly illustrated in the cases where the *consideration money* in a deed of land, though acknowledged to be received in full, may be recovered by the grantor; he being permitted to contradict the deed, and prove the money was not received. 14 *Johns. R.* 210. 20 *id.* 338. *See also* 12 *Johns. R.* 529, *per Thompson, J. in error.*

It appears to me that the only question arising in the case upon the facts disclosed is, whether the agreement to accept a sum less than the face of the note in satisfaction, rested in *parol,* or is to be considered as enbraced in the instrument endorsed on the back of the note. The agreement to compound for a less sum, *if in writing,* falls within the general rule, and cannot be contradicted or explained by parol evidence, nor can a different agreement be shown. The endorsement on the note is undoubtedly something more than a receipt. By it the plaintiffs acknowledge that on a compromise with the defendants, they received the Addington security *"for the full payment of their note* of $1627,44." Had it been intended as nothing more than a technical receipt for so much paid or secured to be paid, the language would have been different. " As a compromise for the full payment of this note" is language altogether inconsistent with such an intent, and is too plain and explicit to be misunderstood. The relaxation of the rule of evidence above referred to should not be extended beyond the spirit of the terms in which it is expressed, and *must be confined to the case of a receipt in the strict sense of that term.* If the plaintiffs had agreed as follows—On receiving of Richards & Sherman a note of $431,40, made by S. H. Addington,

payable four months after date, endorsed by the said Richards & Sherman, we hereby agree to accept the same in full payment of the within note—there can be no doubt the agreement would have been binding, and that parol evidence would have been inadmissible to vary it, and I perceive no difference between such a case and the present. Here the consideration is executed ; the note was delivered at the time the agreement was made.   The agreement on the back of the note would have constituted a good plea of accord and satisfaction in bar of an action on the note. This is settled by the case of *Boyd & Suydam* v. *Hitchcock*, 20 *Johns. R.* 76.   There the plaintiff claimed $5000 in his declaration.   One of the pleas adjudged to contain a good defence, was, that the defendant delivered to the plaintiffs three promissory notes, payable to D. Childs for $916,67, and by him endorsed, in full satisfaction and discharge of the promises, and that they were so received by the plaintiffs.   I am aware the learned judge who delivered the opinion of this court in that case, laid some stress upon an inference of his own, that Childs signed as surety to the defendant, expressly to pay the plaintiffs' debt of greater amount ; but he also takes the broad ground, that independently of that view, " if a debtor offers *additional security* on condition that his creditors shall give up a portion of the debt, and the creditor accepts such security for a less sum as a satisfaction of the whole debt, it is a valid discharge on the ground of accord and satisfaction." *See also Booth* v. *Smith*, 3 *Wendell*, 66, *and also* 1 *id.* 172.

It is true there does not seem to be much, if any ground for distinction, between such a case and one where a less sum of money is paid and agreed to be accepted in full, which would not be a good plea.   But the distinction is as sound as that which exists between the cases of receiving a less sum of money and an article of property just half the value, which would constitute a perfect defence.   The rule that the payment of a less sum of money, though agreed by the plaintiff to be received in full satisfaction of a debt exceeding that amount, shall not be so considered in contemplation of law, is technical, and not very well supported by reason.   Courts therefore have departed from it upon slight distinctions.

UTICA,
July, 1835.

The facts then embraced in the endorsement ,on the note being of themselves sufficient to constitute a good bar to a suit on the note, and Addington's note having been accept‑ ed as " a compromise for the full payment of the note," I do not see how we can disregard the agreement thus made and substitute in its place a parol understanding of different im‑ port, made at the same time. The authority of Wardell to compound for the demand is not disputed, and a valid and perfect arrangement is acknowledged by him in writing. It is a complete agreement, and the parties should be held to it.

Judgment affirmed.