### ROBERT W. NEVINS v. VICTOR P. DEPIERRIES.

On an agreement to compromise a debt for less than the full amount, the creditor gave a receipt in full, the debtor giving his own notes for part of the composition, and an order on a third person for the residue. The notes and order being duly paid, *Held*, that the order was a good consideration for *accord and satisfaction*, which was properly pleaded in bar to a suit for the residue of the debt.

THE defendant being indebted to the plaintiff in the sum of $150, compromised the debt for fifty cents on the dollar, by giving plaintiff his two notes for $49, and an order on Murdock, his debtor, for $26, payable at sight, and received from the plaintiff a receipt in full. The notes and order were duly paid, and the plaintiff then brought an *assumpsit* for

the balance of the original debt; to which the defendant pleaded *accord and satisfaction.* A verdict was taken for the plaintiff, subject to the opinion of the court on a case.

*Stoughton,* for plaintiff, now moved for judgment, and insisted that the payment of a sum less than the amount owing and past due, was no satisfaction. (*Boyd* v. *Hitchcock,* 20 J. R. 76; 1 Smith's Leading Cases, 249; *Cumber* v. *Wayne, Harrison* v. *Close,* 2 J. R. 447; *Johnson* v. *Brannan,* 5 J. R. 268; *Cole* v. *Sackett,* 1 Hill, 516; *Hawley* v. *Foot,* 19 Wend. 516; *Maye* v. *Miller* 1 Wash. C. C. R. 328.)

*Inglis,* for defendant.

1. Where a creditor, on a compromise with his debtor, accepts other security, though for a less sum than the original debt; or where such creditor accepts the note of a third person for a sum less than the debt due to him, in full payment of such debt, the transfer and acceptance of such security, or of such note, may be pleaded as accord and satisfaction in bar of an action for the recovery of any portion of the debt beyond the sum for which the compromise is made. (*Kellogg* v. *Richards,* 14 Wend. 119; *Booth* v. *Smith,* 3 id. 66; *Boyd and another* v. *Hitchcock,* 20 J. R. 76; *Sheepy* v. *Mandeville,* 6 Cranch. 253; *Le Page* v. *McCrea,* 1 Wend. 172.)

2. The order on Murdock operated as an assignment in equity, to plaintiff, of the debt due from Murdock to the defendant, and was an additional security. (Chitty on Bills, 2; *Cutts* v. *Perkins,* 12 Mass. R. 206; *Stock* v. *Mossan,* 1 B. & P. 654; *Tierran* v. *Jackson,* 5 Peters' R. 590; *Martin* v. *Naylor,* 1 Hill, 583; *Mandeville* v. *Welch,* 5 Wheaton, 277, 286; *Masten* v. *Miller,* 4 T. R. 343.)

3. If there be a benefit, or even a legal possibility of benefit to the creditor, thrown in, that additional weight will turn the scale, and render the consideration sufficient to support the agreement. (Smith's Leading Cases, p. 147, and the cases there cited.)

Nevins v. Depierries.

*Circuit Judge:* The rule being well established that the mere payment by a debtor of a less sum than the amount of the debt, even though on an agreement that it shall be in full, is no accord and satisfaction, the only doubt I had on the trial and for which I reserved the point, was whether the defendant, having given the order on his debtor, took this case out of the rule.

There was some doubt on the argument as to the light in which the order was to be regarded. It was in this form:

"New York, October 30, 1843.

"Mr. A. Murdock,

"To V. B. Depierries, Dr.

"Nov., 1842. To one dress coat, ................. $25 00
"      "     pair pants, ................. 10 00
"      "     vest, ..................... 4 00

$39 00
"Received on account, ..................... 13 00

$26 00

"Please pay this bill to the bearer immediately, and his receipt will be good against me.

"V. B. DEPIERRIES."

It was contended that it might be regarded as a bill of exchange, as a letter of attorney coupled with an interest, or as an equitable assignment of the claim. But it was insisted that, in whatever aspect it was to be viewed, its acceptance by the plaintiff, and the subsequent payment of it to him, made the compromise a good accord and satisfaction. The rule for which the plaintiff contends, is, as I have remarked, well established, and courts have had frequent occasion to enforce it. Yet they have often complained of it as harsh and rigid. In *Kellogg v. Richards* (14 Wend. 119), it is spoken of as technical and not very well supported by reason. Courts, therefore, have departed from it upon slight distinc-

tions. And I confess I cannot see why the creditor is not, in sound morals and good faith, just as much bound to perform his agreement to release his debtor from the balance of the debt, as the debtor is bound to perform his agreement to pay that balance. These considerations have induced courts to declare that the receipt of an article of property just half the value (14 Wend. 119); the acceptance of the security of a third person (*Boyd* v. *Hitchcock*, 20 J. R. 76); the receipt of the principal of the debt, leaving the interest unpaid (*Johnston* v. *Brannan*, 5 J. R. 268); the receipt of the demand, leaving the costs unpaid (*Wilkinson* v. *Byers*, 1 A. & Ellis, 106); the acceptance of a several instead of a joint liability (*Thompson* v. *Percival*, 5 B. & Ad. 925); a composition in which other creditors are induced to join (*Reay* v. *White*, 3 Tyrn. 596); and the acceptance of a note in discharge of an unliquidated demand (*Sheepy* v. *Mandeville*, 6 Cranch. 253), would constitute a good defense. The effort, in these and other cognate cases, has been to narrow down, if not entirely to avoid, a rule which is so often condemned in principle. And some of the distinctions are hard to understand or reconcile upon any other basis than this disinclination of the courts to the rule. For instance, the receipt of a horse for half the value is good satisfaction, but the receipt of half the value in money is not.

In regarding the security of a third person as constituting a valid accord and satisfaction, the courts seem to be equally liberal, and hold that if there be a benefit, or even a legal possibility of a benefit to the creditor, thrown in, that additional weight will turn the scale, and render the consideration sufficient to support the agreement. (*Cumber* v. *Wane*, 1 Smith's Leading Cases, 147; *Le Page* v. *McCrea*, 1 Wend. 172.) There must be something collateral to show the possibility of benefit to the party relinquishing his claim. (Per L. Ellenborough; *Fitch* v. *Sutton*, 5 East. 230; *vide* also *Stienman* v. *Magnus*, 2 Camp. 124; 11 East. 390; *Bradley* v. *Gregory*, 2 Camp. 383; *Wood* v. *Roberts*, 2 Stark. 417; *Boothby* v. *Snowden*, 3 Camp. 175.)

In this case the additional benefit to the plaintiff consisted in the order on Murdock. At the time that was drawn and given to the plaintiff, Murdock was indebted to the defendant in the amount for articles previously sold him, and the debt was presently due. The arrangement made in regard to that claim was an equitable assignment of it to the plaintiff, and it was not in the power of the defendant, or of his debtor, Murdock, to withhold the payment from the plaintiff. It comes within the case of *Morton* v. *Naylor* (1 Hill, 583); *see* also cases cited in notes.

By the arrangement the plaintiff received not merely the legal possibility of a benefit, but an actual benefit in the equitable and irrevocable assignment to him of a subsisting claim against Murdock, which thenceforth became available to him and to him alone. Being for a subsisting debt, the assignment made it as available to him, and as completely his own, as if it had been a note signed by the debtor of the defendant, or a bill of exchange accepted by him for the accommodation of the defendant. (*Boyd* v. *Hitchcock*, 20 J. R. 76.) The language of that case is applicable here. Here was a beneficial interest acquired, and a valuable consideration received, by the plaintiff when he agreed to accept less than his whole demand. It would be an abuse of terms to call this a *nudum pactum*. There was loss to the defendant in parting with his claim against Murdock, and a benefit to the plaintiff in acquiring the title to and control over that claim; and here, as in that case, good faith and sound principle require that this should be deemed a valid accord and satisfaction. This is the debtor giving additional security and the creditor accepting it for a less sum in satisfaction of the whole debt within the rule in *Sheepy* v. *Mandeville* (6 Cranch. 253).

It is unlike the case of *Hawley* v. *Foote* (19 Wend. 516), which was cited on the argument, because in that case the order was unaccepted, and it did not appear that the drawee was indebted to the debtor, and the court therefore held that the creditor received nothing more than what he had originally possessed, namely, the liability of his debtor, and there

was therefore no benefit or possibility of benefit to the creditor. Such cases have always been held to be within the rule, and though I have not been referred to any case where the courts have held that an order which was equivalent to an assignment of a demand, was a sufficient consideration to support an accord and satisfaction, yet upon the principles of good faith and benefit to the creditor which have governed the courts in establishing their exceptions to the rule, I feel justified in regarding this case as within the exception rather than within the rule.

Judgment for defendant.