Frost, J.
delivered the opinion of the Court.
The grounds of appeal present two exceptions to the Circuit decision: that the Judge refused to order an issue to determine whether the judgment was satisfied; and that the rule was made absolute.
It was admitted in the Court below, and on the argument in this Court, that the plaintiff had recovered a judgment in Georgia, against the defendant, for an amount greatly exceeding the sum mentioned in the receipt, and that a judgment had also been rendered in this State on that record, of which it would seem the plaintiff was not aware when he gave the receipt. It was also admitted that the receipt had reference to the judgment, and was the only payment which had been made on account of it. These admissions supply every fact which is material to determine the effect of the receipt, and leave nothing for the inquiry of a jury. Without them, the receipt would have been evidence of payment of the judgment , in full; and if that were contested, it would have been *205 a proper subject for an issue. But the admissions present the question of the legal eifect of a partial payment, alleged to have been received in full, when the fact of the payment being but partial, stands admitted before the Court. The appellant excepts to the refusal of an issue, on the grounds that the plaintiff intended the receipt to be in satisfaction of the judgment; and the intention of the plaintiff should have been submitted to the jury, as a question of fact. The proper inquiry is, not what was the intention of the parties, but what is the legal effect of the receipt. It may be admitted that it was the intention of the plaintiff to accept fifty dollars in full payment of the judgment, and yet the question remains one of law, whether he has incurred a valid, legal obligation to perform that intention, which the defendant may enforce. A clearly expressed intention may create no legal liability, as a promise to give, or a parol release. In such case, a verdict, finding the intention, would be wholly immaterial. In this case an issue was properly refused, because there was no fact to be inquired of. The effect of the receipt, with the facts admitted, was a question of law.
In making the rule absolute, it was assumed that the receipt was not a satisfaction of the judgment. The receipt was not offered as evidence of payment — because it was admitted that the judgment was not paid. Blit it was offered as proof of satisfaction; and presents the question, whether a' partial payment of a debt, liquidated and payable, which is acknowledged to be received as payment in full, is a legal satisfaction. In Pinell's Case, 5 Co. Rep. 117, it was ruled by the whole Court that the payment of a lesser sum, on the day, in satisfaction of a greater, cannot be a satisfaction of the whole; because it appears to the Judges, by no possibility, a lesser sum can be a satisfaction to the plaintiff of a greater sum. When the whole sum is due, by no intendment the acceptance of a parcel can be satisfaction of the whole. But the gift of a horse, <fcc. may be satisfaction; because it shall be intended that it may be more beneficial to the plaintiff than the money. In Fitch v. Sutton, 5 East, 232, Lord Ellenborough says, “it cannot be pretended that a receipt of part only, though expressed to be in full of all demands, must have the same operation as a release. It is impossible to contend the acceptance of £17 10 is an extin-guishment of a debt of £50. There must be some consideration for the relinquishment of the residue, something collateral, to show a possibility of benefit to the party relinquishing his further claim; otherwise the agreement is nudum pactum.” But if the obligee do, on the day appointed for payment, re *206 ceive part, and thereof make an acquittance, under his seal, in full satisfaction of the whole, it is sufficient; by reason, the deed amounted to an acquittance of the whole. If the obligor pay a less sum, either before the day or at another place than is limited by the condition, and the obligee re-ceiveth it, this is a good satisfaction. (Co. Lit. 212 b.) The rale affirmed by these authorities has been established by many decisions in the English Courts, and has'been recognized by some of the Courts in the United States.—Doron v. Hatcher, 6 Adol. and Ell. 121; Seymour v. Minton, 17 J. R. 169; Kyser v. Kershner, 4 Gill and John. 305.
Milliken v. Brown, 1 Rawl. 391, shows that in Pennsylvania, the acceptance of part of a debt, with intent to discharge the whole, is a valid discharge. Fuller v. Crittenden, 9 Conn. R. 401, which was cited to that effect, does not decide that a partial payment, accepted in satisfaction, discharges the whole demand. That was an action of assump-sit on an agreement for the purchase of a mail contract. The defendant produced a receipt in full of an account, stating the particulars of the purchase, and among them a charge of fifty dollars for the cost of procuring the contract. The plaintiff offered to prove that $50 did not include all his expenses in obtaining the contract. The evidence was admitted. On appeal it was held that such circumstances as would lead a Court of Equity to set aside a contract (as fraud, mistake, or surprise,) may be shown at law to destroy the effect of a receipt. That accordingly it was proper to admit parol testimony in the case, to show that the receipt did not include all expenses incurred in obtaining the mail contract. But lest it might be inferred that the receipt was only evidence of the payment of so much money, the jury should have been instructed that if the plaintiff executed the receipt with a knowledge of all the circumstances, and there was no mistake or surprise on his part, or fraud or imposition on the part of the defendant, the plaintiff was not entitled to recover. The receipt was not held to preclude the plaintiff’s recovery, on the ground that it operated as a release of any charges he may have had against the defendant at the time it was given; but only, if the plaintiff did not show mistake or fraud, the receipt was conclusive evidence that when it was given he had no other demand against the defendant on account of the mail contract. The case affirms no more than the general rule respecting the effect of a receipt, that it is conclusive evidence against the party giving it, unless obviated by proof of mistake or fraud. It can have no application to the acknowledgment of the receipt of a less sum, in satisfaction of *207 a larger, because, in the act of paying and receiving, a larger demand is-admitted. In Kellog v. Richards, 14 Wend. 116, it was held that the acceptance of the note of a third person for a less sum, is a good accord and satisfaction. It was cited by the appellant for the dictum of Nelson, J. that there does not seem to be much ground for distinction between that case and one where a less sum of money is paid and agreed to be accepted in full; and that the rule in the latter case is rested on grounds which are technical, and not very well supported by reason. But when it is held that if the acknowledgment of the receipt of a less sum, in satisfaction of a greater, is to operate as a release of the residue of the demand, it is ineffectual, because a release can only be made by specialty, the decision is not liable to the objection of being technical, otherwise than in maintaining the distinction between parol instruments and specialities. And when it is held that if such an acknowledgment is to operate as an agreement, by the creditor, to remit the residue of his demand to the debtor, a valuable consideration is necessary to give effect to the agreement, the decision is supported by the same reason which makes such consideration necessary to the validity of all parol contracts. It is not unreasonable to hold that the partial performance of a contract, which the party is legally and morally bound to perform to its entire extent, without any benefit or possibility of benefit to the other par-' ty, besides that received from the mere partial performance, is not a sufficient legal consideration for an agreement to relinquish all demand for the performance of the residue of the contract. The motion is refused.
Richardson, J. O’Neall, J. Evans, J. and Wardlaw, J. concurred.

Motion refused.