## SYPRIAN S. SMITH *vs.* HENRY G. BALLOU.

If a debtor gives and a creditor receives, in full satisfaction of the debt, the note of a third person for a smaller sum than the amount of the debt, it is a valid discharge.

Parol evidence is admissible to show what was the real nature of the transaction to which the words of a receipt apply, and explain their meaning.

THIS was assumpsit upon a promissory note for $1038, payable to the order of Nathan T. Verry, and signed by the Centre Mill Manufacturing Co., by Hazard A. Potter, Agent. The note was endorsed by Nathan T. Verry and Henry G. Ballou. The defendant set up in defence the following instrument :

" Received thirty-seven and one half per cent. of the above note of Thomas F. Vaughan, in full discharge of H. A. Potter, Geo. H. Verry (the makers) and N. T. Verry, and I do hereby agree not to sue or suffer to be sued either of the aforesaid H. A. Potter, Geo. H. Verry and N. T. Verry, for the term of fifty years from the date hereof for the above named note.

　　　　(Signed)　　　　S. STERRY SMITH."
(Dated) Providence, March 26th, 1849.

It was proved that the consideration of the above agreement was the promissory note of Thomas F. Vaughan, which had been paid ; and it was agreed that the payment was made out of the property of Nathan T. Verry, and by Vaughan as his agent. Evidence was also adduced to show that the parties did not intend to release the defendant. On this evidence the defendant contend-

ed that he was discharged by the discharge of the prior parties, and the agreement not to sue them for fifty years.

CURREY, for the plaintiff, contended,

1st. That the agreement not to sue the maker or first endorser for fifty years, was void for want of consideration ; that the payment by the debtor of part of a debt, the whole of which was overdue, being both a legal and moral duty, could not avail as a consideration of a promise of forbearance of suit. (4 Shep. 72. 10 New-Hampshire 162. 13 Vermont 353. 12 Wheat. 554. Chitty's Bills 441—2, 3, 4, 5, 6, 7.)

2d. That the discharge of the prior parties to the note purported to be a discharge, as to them, of the whole debt on the simple payment of part only. This could not operate as a discharge. In a plea of payment, it could only be pleaded as payment *pro tanto ;* in a plea of accord and satisfaction, it could only be pleaded as satisfaction *pro tanto ;* consequently, it could have no other or greater effect when given in evidence under the general issue. To bind the creditor by a discharge, not under seal, for part payment, or part satisfaction, there must be some other element than simply the part payment as a consideration for the new agreement. The agreement creating the debt is an agreement for payment in full, and that upon such payment, and no other, it shall be discharged in full. Any other payment or discharge is a new agreement, and must be founded on some new consideration. Such new consideration may be very trifling, but it must exist as an element in the discharge for part payment, or such discharge will avail only for the part actually paid. Part payment at a differ-

ent place, or a prior time, or in a different way from that specified in the contract, if accepted for the whole, may be set up as payment in full. So an agreement to accept part for the whole in a general compromise amongst all the creditors of a debtor, or an agreement to accept part for the whole from a third party, will be binding, because in such cases there is a new consideration to support the new agreement. (17 Johns. R. 169. 2 Johns. R. 449. 5 East. 232. 1 Strange 426. 1 Cowen 199. 8 Mass. 480. 4 Ring. 721. 5 Pick. 44. 21 Pick. 101. 24 Pick. 270.) According to all the decided cases, as well as the reason of the thing, this discharge or agreement to forbear suit is altogether void.

3d. If the discharge is not void, it can avail only for the purpose for which it was given ; it cannot avail for a contrary purpose. If the law gives it any effect, it will be according to, and not against, the intent of the parties to it; and it is clearly proved that it was the expressed intent of the parties that the discharge should not operate as a discharge of the defendant.

Robinson and Borden for defendant.

*Per Curiam.*—It is not necessary to consider in this case whether or not the general law is the law of Rhode-Island. It is, undoubtedly, the general rule, that the payment of a less sum of money than the whole debt, is not a satisfaction of the whole debt, without a release under seal ; but only discharges the debt *pro tanto*. But this case stands upon an exception to this rule. The rule is evidently distasteful to the courts, and they have always been anxious to escape it by nice distinctions. Thus, in *Kellogg & Durmont vs. Richards & Sherman,* (14 Wend. 116,) and in *Brooks & Another vs. White,*

(2 Met. 283,) the Court held that a note for a sum of money less than the debt, which was given as a full discharge of the debt, should operate as a discharge, although the money itself would not have that effect. The receipt of the note of Vaughan as a full discharge brings this case within the exception. The defendant is discharged by this discharge of the prior parties. The stipulation not to sue, is another defence, and would discharge the defendant if founded upon a good consideration, which we think is the case,—the note given by Vaughan being both a consideration for the discharge, and for the contract not to sue.

It was objected that evidence was not admissible to show that the receipt was for a note by Vaughan; and that by the receipt itself it does not appear that the payment was not in money; but we think it was competent for the defendant to show what the real nature of the transaction was, in order to explain the meaning of the words employed.