By the Court.
Bosworth, J.
The first question properly arising on the case made, is this : Is the writing of March 11th a receipt, open as such to explanation and contradiction in all respects, or does it contain clauses of contract which cannot be varied by evidence of cotemporaneous verbal agreements, *570 by which, in a certain event, the contract was to be inoperative and of no effect ? If the latter be its true character, a new-trial must be granted. It cannot be pretended that the want of authority in Bissell to sign the receipt, or that the transfer of the note, under a fraudulent concealment of the failure of the maker, is so incontestable as to justify the court in withdrawing either of these facts from the consideration of the jury, and determining them in favor of the plaintiff.
There can be no question that by the law, as settled in this state, the taking of a note made by á third person, on account of a precedent debt, is no payment unless it be so agreed at the time, and that it is payment when transferred and accepted under this agreement. Does the payment of March 11th import that the plaintiffs, took the note described in it unconditionally, at their own risk ? Unless it means that, no force at all can be attached to the words “ without recourse.” The defendant’s name was not on the note, he could not be charged as a party to it, or made liable for the payment of it. These words, therefore, could not refer to any actual or apparent contingent liability of his as a party to the note. In no conceivable circumstances could there be any recourse to him as a party to the paper. The only thing to which they can apply is the “ amount ” of his account for which the note was received. The words, “ without recourse,” when added to the payee’s indorsement of a promissory note, have acquired a fixed legal meaning, and the effect is to exonerate him from all liability as a party to the note. (Chitty on Bills, 254-255.)
The fair and natural meaning of the words, “without recourse,” as here used, is,.that the note is taken at the risk of the plaintiffs, and, consequently, as payment. Having contracted to take it as payment, it is not competent to prove a cotemporaneous verbal agreement, that it was taken as a conditional payment, or, in other words, that they agreed to take it as payment, unless, on inquiry, they were dissatisfied with it, and that, in such an event, it was to be no payment, but they might return it. An instrument in the form of a receipt, may also contain clauses of contract. In such a case, so much of it as is in the nature of a contract, falls within the general rule that it cannot be varied by proof of verbal instructions- given, *571 or of a verbal agreement made at the time, inconsistent with its terms (3 Sand. S. C. R. p. 7, Wolfe v. Myers) or with its legal effect. (Cherry v. Holly, 14 Wend. 26; Niles & Richmond v. Culver & Foote, 8 Barb. S. C. R. 205; 6 id. 458, Egleston v. Knickerbocker.)
If the construction here put upon the words, “ without recourse,” is correct, Kellogg v. Richards (14 Wend. 116), is an authority in point, that their legal effect cannot be obviated or varied by proof of a verbal agreement, made at the same time, inconsistent with it, or operating as a defeasance of it: where a written contract is made by the parties, the writing is the sole evidence of the contract, and in intendment of law, all cotemporaneous conversations and verbal agreements are merged in it, and cannot be proved to restrict, enlarge, or defeat it.
House v. Low, 2 J. R. 378, is not in conflict with Kellogg v. Richards. In the former, so far as appears from the report of the case, it was simply a receipt “ in full,” and an issue was joined and tried without objection, whether it was given on a condition which had never been performed : the court affirmed the judgment of the justice, on the ground that such an issue had been formed and tried without objection, and added “ and a receipt may be explained by parol.”
It has been held that a receipt, stating in terms, that the thing received is received “ in full,” is not in legal effect a declaration that the party expressly agreed to take it at his own risk, or absolutely as payment; and that such a receipt does not preclude the party giving it, from showing that the thing received was in part the note of a third person, who became insolvent before its maturity, and failed to pay it. In this case the precedent debt was larger in amount than the note received. If it was merely taken “ on account,” and to be a payment pro tanto if paid, the receipt would naturally have terminated with those words ; but in addition to that, the further words ‘‘ without recover,” were added. Suppose the added words had been “ at our own risk,” would the meaning or legal effect of the paper have differed in any respect from the present one? Would it not clearly have imported that the plaintiffs took it absolutely as payment ?
There was no pretence, or offer at the trial, to show that the *572 words “ without recourse,” when thus used, have acquired and are treated among merchants, as having a specific meaning well understood, and incompatible with the idea, that the thing thus received, was taken unconditionally as payment, (4 Hill, 104, Goodyear v. Ogden; Ed. 107, Dawson v. Kittel.) On the case as presented, effect must be given to these words, according to their natural and obvious meaning.
We think the obvious meaning and legal effect of the writing in question, are as above stated, and that the verdict must be set aside, and a new trial ordered..
On a new trial it will probably be open to the plaintiffs, to show mistake, fraud, or imposition, in obtaining the execution and delivery of the receipt, (McKinstry v. Persall, 3 J. R. 318.)
The receipt or contract, when set up as an item of evidence, will undoubtedly be impeachable, upon any ground which would have been a good reply to it, had it been set up in the answer, as a bar to the action. A new trial must be granted, with costs, to abide the event.