GROCERS' BANK OF NEW YORK, appellant, v. FITCH.

*Accord and satisfaction — acceptance by creditor of a sum less than amount due in payment — when it is a discharge.*

Defendant, a judgment debtor, in company with two friends, applied to the judgment creditor to effect a compromise of the judgment. The creditor declined to discharge the judgment, alleging that he wished to pursue other debtors included in it, but said if defendant would pay 25 per cent, and give an order for certain wool, he should not be troubled or pressed for the balance, but should be left to his own honor and option to pay it. Relying on the promise, defendant's friends advanced the 25 per cent and defendant gave an order for the wool, which was taken by the creditor and sold.

*Held,* that the agreement in question being made not only with the defendant but with his friends who, upon the strength of it, advanced money, could be enforced against the plaintiff and was a satisfaction of the debt.

It could also be enforced for the reason that the creditor accepted the wool in addition to the 25 per cent, notwithstanding the wool was of a value less in amount than the balance of the debt.

THIS is an appeal from an order of Mr. Justice FANCHER, bearing date May 19, 1873, setting aside an order of Mr. Justice BARRETT, bearing date February 1, 1873, supplemental to the execution, for the examination of the defendant upon the ground that the debt had been satisfied. The evidence before the referee, to whom it was referred to examine and report as to the alleged payment of the judgment, was to the effect, that on the 3d day of August, 1872, there became due from the defendant to the plaintiff, on a judgment of that date, the sum of $4,461.19.

That at the times of the payments hereinafter mentioned, there had also become due from the defendant to the plaintiff, a certain other sum of money not included in the judgment.

That in November, 1872, the defendant being engaged in negotia- ing a compromise of the claims of his creditors on a basis of twenty-

five cents on the dollar, visited the president of the plaintiff's bank in company with John R. McPherson and John N. Pidcock, for the purpose of inducing the bank to join the other creditors in the compromise.

That the president refused to join in the compromise, and give the defendant a final release from his indebtedness to the plaintiff, assigning as a reason, that he intended to pursue the makers of the check upon which said judgment was recovered. The president did promise, however, that if the defendant would give the plaintiff an order for certain wool and pay 25 cents on the dollar of his indebtedness to the plaintiff, the defendant should not be troubled or pressed for the balance, but should be left to his own honor and option to pay it, and that he could go on in business without being molested by plaintiff. Relying on said promises, McPherson and Pidcock, on the 13th of November, 1872, advanced the 25 per cent of said judgment of $4,461.19, and of said other indebtedness of the defendant, and by their checks paid to the plaintiff the sum of $2,198.30, and the defendant gave an order to the plaintiff for the wool, which, when sold, realized the sum of $1,055.54, which was applied in part satisfaction of said judgment.

That said sum of $2,198.30 advanced by McPherson and Pidcock, was applied as follows: The sum of $1,115.29 on said judgment, and the sum of $1,083.01 on the other indebtedness of the defendant. At the time of the above transaction, the plaintiff's president signed a receipt as follows:

"Received from John R. McPherson, checks for $2,198.36, it being the amount said to be paid by Wm. Fitch to all his creditors, on a basis of twenty-five cents to the dollar, to all creditors.

(Signed)          " SAMUEL B. WHITE,
                                                    *"President."*

NEW YORK, *November* 13th, 1872.

*Stephen B. Brague,* for appellants.

*Doolittle, Davis & Lyon,* for respondents.

BRADY, J. The agreement to receive 25 per cent, and an order for the wool given by the defendant and never to molest or trouble him, was made not only with the defendant, but his friends Pidcock and McPherson, who, upon the faith of the agreement,

advanced the 25 per cent in money. The president of the bank, as appears by the evidence before us, was advised by them that the advance would be made on the strength of and in pursuance to such agreement. It was, therefore, a valid obligation on the part of the plaintiffs. An agreement thus made with a third person to accept less than the demand in satisfaction of it may be enforced. *Babcock* v. *Dill*, 43 Barb. 584, and cases cited; *Kellogg* v. *Richards*, 14 Wend. 116; *Stemman* v. *Magnus*, 11 East. 390. The plaintiff's president, with whom the understanding referred to, was had, refused to discharge the debt, it is true, against the defendant absolutely and in form, but that was because, as alleged by him, he intended to collect the balance from the maker of the check. The intention was, nevertheless, to release the defendant from any further liability. The receipt signed by him shows not only that the agreement was made with third parties, but that the payment was to accomplish the defendant's discharge. It is an acknowledgment of the receipt from McPherson of checks for $2,198.30, " it being the amount said to be paid by Wm. Fitch *to all his creditors*, on a basis of 25 cents to the dollar *to all the creditors.*" These conclusions render it obligatory to affirm the order made at special term. It is not deemed necessary to consider the effect of signing the receipt in reference to the compact of compromise, which all the creditors of the defendant had signed except the plaintiffs, and of which they had been advised. It may be that that paper, taken in connection with all the facts disclosed, might be held to relate to and become a part of the compromise deed in good faith to the other creditors. It may be here remarked, as said by NELSON, J., in *Kellogg* v. *Richards, supra,* "-the rule that the payment of a less sum of money, though agreed by the plaintiff to be received from the defendant in full satisfaction of a debt exceeding that amount shall not be so considered in contemplation of law, is technical and not well supported by reason. Courts of law have departed from it upon slight grounds." The rule rests upon the mathematical proposition, that a larger cannot be paid by a smaller sum, or as it is put by Littleton, section 344, " where the condition is for the payment of twenty pounds, the obligor or feoffer cannot, at the time appointed, pay a lesser sum in satisfaction of the whole, because *it is apparent that a lesser sum cannot be a satisfaction of a greater.*" In carrying out this doctrine, however, the moral obli-

gation to perform a promise deliberately made by a creditor, was not kept in view.

Its injustice to the lender of the money to the debtor to assist him in carrying out the agreement is apparent.

By continuing the debt it diminishes his security and leaves a pecuniary condition of the debtor, which, if known, would, no doubt, have prevented the lender from advancing the money. The creditor in such cases, by the innocent act of the debtor, is assisted in accomplishing a *quasi* fraud upon the lender, who loans in reliance upon the creditor's promise to the debtor, and the expectation that, freed from embarrassment, the latter will undoubtedly be able to repay.

If the result of this rule could be shown, it would, I entertain no doubt, demonstrate many unfortunate consequences.

The court of appeals in this State, in the recent case *Bunge* v. *Koop*, 48 N. Y. 225, where it appeared that the plaintiff agreed with the defendant to accept less than the debt in satisfaction of his claim, leaving it to the honor of the defendant to pay an additional sum, was obliged to hold on the authorities that the receipt of checks of another did not affect the question.

It did not in other words make the agreement valid that the money by which it was consummated was loaned to the debtor. It is not difficult to conjecture that, under such impressions as herein suggested, courts should regard the rule technical and depart from it on slight grounds.

I entertain no doubt that it should be modified, at least to the extent of holding that when the money paid is loaned in good faith to accomplish the release, the creditor cannot withdraw.

There is, however, another rule of law which may be invoked for the defendant's benefit, and that is, that the giving for and receipt of the order for wool was an accord and satisfaction, particularly when considered in connection with the twenty-five per cent paid. We find in Littleton, *supra*, same section, that "if the feoffer payeth to the feoffee a horse, or a cup of silver, or a ring of gold, or any such other thing in full satisfaction of the money, and the other receiveth it, this is good enough and as strong as if he had received the sum of money, though the horse or other thing were not of the twentieth part of the value of the sum of money, because the other hath accepted it in full satisfaction." In some of the cases bearing upon the subject it has been held that the satisfaction must

be a reasonable one, and in that the courts have again essayed to prevent a promissor from performing his agreement voluntarily made.

If the creditor choose to accept any thing given other than money in discharge of his debts his right to do it cannot be denied, nor can the right of the debtor be denied to make honestly, without covin, such a fortunate or prosperous compact.

This restriction upon or limitation of the doctrine has again been qualified by the proposition that the contrary of its being a reasonable satisfaction must not appear on the case. These distinctions appear on the cases hereafter cited.

The accord or agreement to accept the order having been shown, and the order having been taken the satisfaction contemplated by law, no good reason appearing to prevent it has occurred, and the debt was discharged. See Littleton, *supra ; Watkinson* v. *Inglesby et al.*, 5 Johns. Rep. 386; *Anderson* v. *Highland Turnpike Co.*, 16 id. 86.

The order appealed from should be affirmed.

INGRAHAM, P. J., and FANCHER, J., concurred.

*Order affirmed.*