Bissicks *v.* Fayolle.

---

## New York Marine Court.

*Trial Term—March,* 1882.

JOSEPH BISSICKS *against* ELIZABETH FAYOLLE.

Construction of contract for right of sepulture.—Enlarging it by oral proofs.—A receipt may contain a contract, and if it does its terms cannot be varied by oral evidence.

Trial by the court without a jury.

*J. Treacy Langan*, for plaintiff.

*S. F. & F. H. Cowdrey*, for defendant.

McADAM, J.—The defendant, wanting a place of sepulture for her husband, then deceased, made an arrangement with the plaintiff, which resulted in the execution of the following writing :

"NEW YORK, July 29th, 1878.—Received from Mrs. Maria E. Fayolle one hundred dollars, in consideration for the space taken up in my vault for her deceased husband, Thomas D. Fayolle, in Calvary Cemetery, plot K, grave 1, 2, 3 and 4, section 4, range 23.—JOSEPH BISSICKS."

The plaintiff claims that the real understanding was that $100 should be paid if the body remained in the vault three months, and $400 more if it remained there longer ; and that this agreement was made because the defendant contemplated removing the remains to Antwerp. The defendant contends that the writing embraces the entire understanding had ; that it is a contract and cannot be enlarged by oral evidence. I have come to the conclusion that this is the correct interpretation of the writing, which grants a space in the plaintiff's vault, and prescribes the price to be paid for it. True, no time is specified, but the law will imply from the nature of the transaction that the body was to remain in its place of interment forever. The plaintiff concedes that upon a certain contingency—to wit, the payment of an additional $400—the body was to remain in the vault as long as the defendant desired ; but as this condition is not expressed it cannot be added to the writing by oral proof.

The writing is clear and unambiguous, and can no more be varied or contradicted in respect to its legal effect than it can be in respect to its express terms.

If the writing had been a lease, and had omitted the

term, this omission might have been supplied by parol evidence, because the term is an essential part of every lease. But it was not an essential part of this contract. The vault in question was not a temporary but a permanent place of sepulture, and the grant of the space necessary for the body impliedly carried with it the right to have it remain there undisturbed. The writing is more than a receipt—it is a contract within the principles declared in Goit v. National Protection Ins. Co. (25 *Barb.* 189), Kellogg v. Richards (14 *Wend.* 116), Niles v. Culver (8 *Barb.* 203), White v. Van Kirk (25 *Id.* 16), which cannot be altered or varied by oral proofs. The writing contains every essential to a valid contract,—*i. e.*, the parties, the consideration, and the subject matter. To add an additional obligation to pay $400 more than the writing calls for, alters its terms in an essential particular. If this can be done, there is no telling where the rule will stop. There must be some well defined limit or there is no safe rule.

The plaintiff might have brought an action in a court of equity to reform the contract, and to enforce it as reformed, but this court has no such jurisdiction, and the plaintiff has claimed no such relief.

Upon the entire case as presented, there must be judgment for the defendant.

See *McAdam's Landlord & Tenant*, 2d ed. pp. 62, 63.