(39 Misc. Rep. 61.)

## VACHERON v. HILDEBRANT.

(Supreme Court, Trial Term, Queens County. October, 1902.)

1. PAYMENT—NOTE FOR PRICE—PRESUMPTION.

    Where a vendor on a sale of certain personalty received, in part payment of the price, notes of a third party, the presumption is that he accepted them in satisfaction of the debt.

2. RECEIPT—PAROL EVIDENCE.

    Where, on sale of personalty, a vendor receives notes of a third person in part payment of the price, and executes a receipt reciting that the check of the vendee and the notes are in full for all claims, he cannot vary by parol evidence that portion of the receipt reciting such satisfaction.

Action by Eugene F. Vacheron against Jacob T. Hildebrant. Motion on the merits to set aside verdict for plaintiff and to dismiss the complaint. Granted.

The complaint was on quantum meruit for a balance of $900 alleged to be due on the sale of 18 street sprinklers. The plaintiff proved the value and agreed price to have been $1,800 and that $900 was paid on account. The defendant introduced the following written instrument:

"N. Y. City, July 6, 1900.

"Received from J. T. Hildebrant the sum of $900 in his check dated to-day, and three notes of M. C. Gray for $300 each, payable in 3, 4, and 5 months from this date, the same being in full for all claims and demands against them under sale and transfers this day made by me.

                                    Eugene F. Vacheron."

The plaintiff was then allowed to testify that at the time of the transaction the defendant agreed to pay the $900 if Gray did not pay the notes. The evidence showed that Gray had a half interest with the defendant in the purchase of the sprinklers and in a sprinkling contract transferred by the plaintiff to the defendant at the same time.

H. A. Monfort, for plaintiff.

J. A. Hudson, for defendant.

GAYNOR, J. When a debtor gives to his creditor the note of a third person for an antecedent debt the law presumes that it was not received in satisfaction of the debt, and the burden is on the debtor to prove the contrary; but if such a note be so given simultaneously with the contracting of the debt the presumption is the other way, i. e., that it was received in satisfaction of the debt, and the burden is on the creditor to prove the contrary. Noel v. Murray, 13 N. Y. 167; Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374, 5 L. R. A. 802. The plaintiff, recognizing that the written receipt acknowledges that the three notes of Gray to him as payee were received in discharge of the debt of the defendant, sought to prove by his oral evidence that they were not so received; and such evidence was admitted under the objection and exception of the defendant. I think this was error, as the oral evidence went to vary the written receipt in respect of whether the notes were received in satisfaction. If there had been no such writing the evidence would have been admissible. In so far as a written receipt acknowledges payment it may be varied by oral

¶ 2. See Evidence, vol. 20, Cent. Dig. §§ 1830, 1831.

evidence showing that the payment expressed in it was not in fact.
made in whole or in part; but in so far as it evidences a contract
or a satisfaction between the parties it cannot be varied by oral
evidence, the payment it acknowledges having in fact been made.
Graves v. Friend, 5 Sandf. 568; Coon v. Knap, 8 N. Y. 402, 59 Am.
Dec. 502; Read v. Bank of Attica, 124 N. Y. 671, 27 N. E. 250.

Moreover, the verdict is against the weight of evidence, if the oral
evidence were considered admissible.

The motion to dismiss the complaint on the merits is granted; and
the verdict is set aside.