## BUSWELL *v.* POINEER.

*Parol evidence to explain receipt.*

A receipt, when not in the nature of a contract, may be explained by parol evidence.

APPEAL from the general term of the Supreme Court, where a judgment entered upon a verdict in favor of the plaintiff had been reversed, and a new trial awarded; the plaintiffs stipulating for judgment absolute, in case of affirmance.

This was an action by William Buswell, as assignee of the firm of Buswell & Sons, lumber-merchants of Troy, against Horace J. Poineer, to recover the amount of four several bills of lumber sold by that firm to the defendant, a resident of Newark, in New Jersey, in the summer of 1856.

The answer of the defendant admitted the sale and delivery of the lumber to him, as stated in the complaint, but set up as a defence, that the defendant paid the said firm of Buswell & Son in full for each of said claims; that such payment was made by and with the several promissory notes of the firm of Mann, Kendrick & Co., and by them accepted in full payment and satisfaction of each of said claims and of every part thereof. The only issue, therefore, framed by the pleadings, was the fact of such payment, in the manner set up in the answer.

To maintain his defence the defendant gave in evidence four several receipts of the plaintiff's assignors, attached to the said four bills of parcels, three of which were in these words: " Received payment by note, three months;" and the last, " Received payment of M. K.

& Co.'s note, four months." *It appeared in evidence, that the notes so given were those of [ * 313 the firm of Mann, Kendrick & Co. One of the firm of Mann, Kendrick & Co., which firm was located at, and transacted business in, Troy, testified on the trial, that "the defendant usually came to Troy, selected such lumber as he wanted, that the bills were sent to us, we gave our notes and charged the lumber to him. Usually, the next time he came up, he gave us his notes.'

The plaintiff gave parol evidence to contradict that part of the receipt given by Buswell & Son, which stated that the notes of Mann, Kendrick & Co. were received by Buswell & Son as payment. The defendant's counsel objected to such evidence, but the court overruled the objection, and the defendant's counsel excepted.

The court charged the jury, that the said receipts might be explained by parol testimony, and to this part of the charge, the defendant's counsel also excepted.

The defendant also excepted to that part of the charge which held and decided, that if the defendant offered paper, which he knew, or had good reason to believe, was not good, and that Buswell & Son did not know it, and they agreed to take it in absolute payment, this agreement would be avoided by the fraud, and the defendant would remain liable.

The jury rendered a verdict in favor of the plaintiff, but the judgment entered thereon was reversed by the general term, and a new trial awarded; whereupon, the plaintiff appealed to this court, giving the usual stipulation.

*Hand*, for the appellant.

*Beach*, for the respondent.

Davies, C. J. (after stating the facts.)—The first question presented for consideration is, whether the rulings of the judge in admitting parol evidence to explain the receipts, were correct. We think, the authorities in this state and the decisions of this court leave no room for further question on this point. Without recurring to all the cases in the books on this subject, it will only be needful to call attention to a few of the more leading.

In *Tobey* v. *Barber* (5 Johns. 68), a receipt had been given and indorsed on the counterpart of a lease, for $163, "and in full for the second and third quarters' rent." The plaintiff offered to prove, that the defendant had procured one Coffin to give a note, payable to the plaintiff, or *order, for $115.68, at the Bank of Columbia, in four months, and dated the same day as the receipt, and that it formed a part of the receipt; that Coffin failed, before the note became due, and took the benefit of the insolvent act, and that the note had not been paid. This evidence was objected to and admitted. The judge charged the jury, that a receipt was not conclusive evidence, but might be explained by parol. The court held, that a receipt is an exception to the general rule, that a writing cannot be explained or contradicted by parol, citing *Ensign* v. *Webster* (1 Johns. Cas. 145), and that the parol evidence was admissible. The court say: "The parol evidence was then admissible in this case, to show that the receipt of the 24th of September 1803, though purporting to be in full for two quarters' rent, was founded partly on a note given by one Coffin to the plaintiff, by the procurement of the defendant, and that Coffin became insolvent before the note fell due, by which means the note was not paid. The taking of the note was no extinguishment of the debt due for the rent. It is a rule well settled, and repeatedly recognised in this court, that taking the note of a third person for a pre-existing debt, is no payment, unless it be expressly

agreed to take the note as payment, and to run the risk of its being paid." The court, in its opinion, refers to the case of *Murray* v. *Gouverneur & Kemble*, decided in the court of errors, in 1800, where it was held, that receipts were explainable, and that a bill was not a discharge of a precedent debt, unless by express agreement; and that a receipt of a bill *as cash*, was not sufficient evidence that the bill was taken as an absolute payment.

This case is cited with approval in *Egleston* v. *Knickerbocker* (6 Barb. 458), and in that case it was decided, that the paper writing sought to be explained by parol evidence, was the agreement between the parties and not a receipt, and the head note is, "Parol evidence is inadmissible to contradict or explain a written agreement." This case was relied upon as the basis of the decision of *Coon* v. *Knap* (8 N. Y. 402). There it was held, that parol evidence was not admissible, to explain a release, and that the paper offered in that *case was not a simple receipt, which it was [ * 315 conceded could be explained or varied by parol evidence. The paper writing in that case was in effect a release of the defendant from all liability occasioned by that transaction.

In *Filkins* v. *Whyland* (24 N. Y. 338), this court had occasion to consider the question, whether a writing in this form, "F. bought of W. one horse, $150. Received payment, W."—given upon the purchase of and payment for the horse, was a contract, and it was held, that the same was a mere receipt, and not a contract or bill of sale, so as to exclude parol evidence of a warranty of soundness of the horse by the vendor. Judge WRIGHT, in his opinion in that case, says: "The paper in this case is to be construed as a simple receipt, delivered and accepted as evidence of payment, and not the contract by which the title to the horse was transferred. The paper cannot be read as a present agreement of sale; it

contains no stipulations to buy, nor declares any present undertaking by either party. The vendor acknowledges payment, but he does not profess by the writing to sell. The vendee does not execute, but accepts it. It recites the fact of a past sale; it admits that a sale has been had, but does not effect one. A merchant's bill of items of goods sold, made up and receipted in the same form, has never been regarded as the written contract of sale."

These observations are pertinent to the case at bar, and conclusively show, that the four paper writings relied upon by the defendant, to sustain the defence set up in his answer, were neither releases, contracts of sale, nor agreements, but simply receipts, which, upon most abundant authority, could be explained by parol evidence, and the court properly overruled the objection to the admission of such evidence. The exception to the charge of the judge, that such receipts might be explained by parol testimony, is equally untenable. The general term of the supreme court was incorrect in holding that there was error in these particulars, and reversing the judgment and ordering a new trial.

This result makes it unnecessary to examine the exception taken to the *judge's charge, in reference to the alleged fraud of the defendant, in transferring the notes of Mann, Kendrick & Co., knowing that the same were not good, and would not be paid. The order granting a new trial should be reversed, and the judgment on the verdict should be affirmed, with costs.

> Order reversed, and judgment of the special term affirmed.

GROVER and PARKER, JJ., dissented.