## HOWARD and others *vs.* NORTON.

The statement of an agent cannot be received, to prove his agency, so as to bind his principal. When, therefore, it is proposed to prove that a person represented himself as the agent of another, the evidence, if objected to, is incompetent for any purpose, except to prove that he so held himself out to the person with whom he dealt.

Care should be taken to guard the jury against considering such a representation as evidence of the agent's authority, until a ratification is proved.

A representation of a person, that he is agent for another, being competent for the purpose of showing that he held himself out to the person with whom he dealt, as agent, the court is under no obligation to limit the operation of the statement of the agent, unless called on to do so, by the counsel.

A receipt for property purchased by an agent, given by him two months after the sale, is not a part of the *res gestæ*, that is, of the sale, so as to make it competent as such, to prove his authority to bind his principal, if the objection is made that it was given without authority.

The representations of an agent, made to other persons of whom he bought property, that he was the defendant's agent for buying property of the same kind, are not admissible, to show his authority to bind the defendant.

Although it has been held that an agent's authority may be inferred from acts of a kind similar to that done in the case in which the proof is sought to be made, yet the acts from which the inference of authority is sought to be drawn, must be acts done under the authority of the principal. Authority cannot be inferred from any number, however large, of unauthorized acts.

A receipt for money, though it be stated to be in full of the debt or demand upon which it is received, may be contradicted or explained by parol evidence.

A receipt for the note of a third person is explainable, unless it be stated, in it, that it is received in full payment of the debt or demand on which it is to be applied.

A receipt was given by the plaintiff, in these words: "Rec'd of L. T. H. $168.40 in payment of an acc. of $837, against J. B. M. & Co. for apples bought by J. S." *Held* that considering this as a mere receipt for a given sum of money in full of the plaintiff's debt, it was explainable; unless it was to be treated, on the evidence, as an accord and satisfaction. But that if it was to be considered an accord and satisfaction, it could not be explained or contradicted by parol evidence.

The payment, in money, of part of a debt concededly due, which is agreed to be taken in full payment, is not an accord and satisfaction. But when the existence of the debt, or the amount of it, is disputed, and a sum of money less than the amount claimed is received in full payment, it is an accord and satisfaction.

So, too, when the note of a third person for less than the debt, or property other than money, or when additional security, is received in satisfaction

of the debt, it is an accord and satisfaction, and bars a recovery for any part of the residue of the debt.   But when the debtor delivers to his creditor, and the creditor receives, property, at a price agreed upon by them, and the amount thus paid is less than the debt, it is not an accord 'and satisfaction; notwithstanding the creditor agrees to take it as full payment of the debt.

It is only when property is received in satisfaction without any price being agreed upon, at which it is to be estimated between them, that it becomes a valid accord and satisfaction:

Where sheep delivered by the defendant to the plaintiff and others of his cred-itors, in part payment of 20 per cent of the amount of their respective debts, were received at $5 per head; it was *held* that this operated only as the payment of so much money; and being less than the debt, was not an ac-cord and satisfaction.

THIS action was ·brought to recover the price of a quantity of apples, alleged by the plaintiff to have been sold to the defendant's agent, in October, 1865.

The defence was that the apples were purchased by the firm of J. P. Marshall & Co. of the city of New York.   The plaintiff, in order to prove that the defen-dant was the purchaser of the apples, called one Root, who testified he bought apples for the defendant, in the town of Murray, in the county of Orleans, in the fall of 1865.   In a conversation with the defendant, that fall, he proposed to the witness to buy apples for him, and he would pay him the same price he paid James H. and Samuel Smith, and the price thus offered, he said, was all he paid any of his agents.   On cross-examination, the witness stated the conversation thus: Defendant said, "it is all I pay any of my agents; it is all I am paying the Smiths."   After that, bought for the defendant.

Webster E. Howard, one of the plaintiffs, testified that he negotiated with James H. Smith for the sale of the apples.   The following question was then put to the witness : "What was said between you and him (Smith) on the subject of the purchase?"   The defendant's counsel objected to the question as incompetent, it not being shown that Smith had authority to bind the defen-dant.   The objection was overruled, and the defendant's

counsel excepted. The witness answered : "He said he wanted to buy my apples; that he was buying for the defendant." The witness then stated the bargain for the apples, and that he took a receipt from Smith, of which the following is a copy :.

"HOLLEY, Oct. 24, 1865.
Rec'd of W. E. Howard 198 bbls apps. for L. T. Norton, at $5.25 per bbl., amounting to $1,008. Paid cash $121 ; bal. due $887. JAMES H. SMITH, agent."

In the winter the witness saw the defendant and asked him if he could pay anything on the account, and he replied, he could not then ; that he had been to see the man he owed most to, and proposed to pay 20 per cent, and the rest when he was able. He wanted them to take, toward the 20 per cent, a lot of sheep he had, and he would pay in money what the sheep fell short of the 20 per cent. The sheep were taken by the creditors, and the balance in cash paid. The plaintiffs gave to the defendant a receipt, of which the following is a copy : .

"Rec'd of L. T. Horton, East Bloomfield, $167.40 in payment of an acc. of $837.00 against J. B. Marshall & Co. for apples bot. by James Smith. Holley, June 28, 1866. W. E. HOWARD."

The defendant wanted a receipt for Marshall & Co. The witness told him he had nothing to do with Marshall & Co., and objected to giving it. The defendant said it would make no difference, we should have our pay. He had a receipt written ; witness would not sign it. He (witness) drew and signed the one, a copy of which is given above. The defendant said he would pay the balance of the debt.

The defendant's counsel objected to the foregoing evidence in relation to the receipt, on the ground that it was in the nature of a contract and could not be contra-

dicted by parol. The objection was overruled, and the defendant's counsel excepted.

Evidence was given on the part of the plaintiff on the subject of the agency of Smith, and the defendant's recognition of his liability for the balance of the debt, and on the part of the defendant, evidence was given tending to prove that he purchased of the plaintiffs the debt for the apples against Marshall & Co., and that the 20 per cent was paid for that, and as part of a debt due by himself, and that he was agent for Marshall & Co., and the Smiths were sub-agents for Marshall & Co.

The plaintiffs called three witnesses, each of whom testified that he had a conversation with James H. Smith, to whom he sold his apples in the fall of 1865 ; and then the following question was put to each of them : " What was said between you and Smith as to whom Smith was buying for ?" The question was objected to by the defendant's counsel, on the ground that the declarations of Smith were incompetent. The objection was overruled, and the defendant's counsel excepted. The witness said, in reply, that he (Smith) said he was buying for the defendant.

The court charged the jury, among other things, that the receipt was *prima facie* a bar to the plaintiffs' claim, but that it was competent to explain it· by parol evidence, and if the jury were satisfied that the 20 per cent was only a payment to that extent, and not in full satisfaction of it, such payment would not constitute a defence. To this part of the charge the defendant's counsel excepted.

The court also charged that if the plaintiff accepted a sum less than the debt, partly cash and partly in sheep, in satisfaction of his debt, it would be an accord and satisfaction. That the writing given in evidence tended to prove such defence, but it was not conclusive ; it might be explained, and if the jury were satisfied that there was an accord and satisfaction, and the debt was

the defendant's, the partial payment would not constitute a defence. To so much of this part of the charge as permitted the jury to act upon parol evidence in explanation of the receipt, the defendant's counsel duly excepted.

The jury found a verdict for the plaintiffs, for the balance of their debt, and interest; on which judgment was entered, and from it the defendant appealed.

*By the Court*, MULLIN, P. J. It was competent for the plaintiffs to prove, conditionally, that in the negotiation for the purchase of the apples, Smith said he was buying for the defendant. 1st. Because, if the purchase was ratified, it was a part of the *res gestæ;* and 2d. Because without proof that Smith represented himself to be an agent, there could be no ratification of the purchase by the defendant.

If Smith did not assume to purchase as agent, he alone was liable for the apples, and the defendant could not be made liable for the price without a promise to pay it, supported by a valid consideration.

When an agent assumes to act for another, and that other, with knowledge of what the assumed agent has done, ratifies and adopts the act, he is himself liable. (*Paley's Agency*, 171, *note a.*)

But the statement of an agent cannot be received to prove his agency, so as to bind his principal. (1 *Cowen & Hill's Notes*, 189, *n.* 187.) When, therefore, it is proposed to prove that a person represented himself as agent of another, the evidence, if objected to, is incompetent for any purpose, except to prove that he so held himself out to the person with whom he dealt. Care should be taken to guard the jury against considering such a representation as evidence of the agent's authority, until the ratification is proved.

In this case the representation to the plaintiffs was competent for the purpose above indicated. Being com-

petent, the court was under no obligation to limit the operation of the statement of the agent, unless called on to do so by the counsel; and this was not done during the trial, nor in the charge.

The receipt for the apples, signed by Smith as agent for the defendant, stands on a somewhat different footing. It was not a part of the negotiation which resulted in the sale, when, if ever, the agency should have been and was disclosed. A pretence of agency in October, when the sale was in fact made in August, was not a part of the *res gestæ*, that is, of the sale, so as to make it competent as such.

The act of the agent in giving the receipt for the apples must have been admitted, to prove his authority to bind the defendant. The objection that the receipt was given without authority was distinctly made, and as distinctly overruled.

If the receipt by the agent of the apples was also ratified, the act of giving the receipt was also ratified, so that, it seems to me, the evidence of the acts and declarations of Smith were, if ratified, properly received. The jury undoubtedly found that they were ratified.

I cannot discover any ground upon which the representations by the agent to other persons of whom he bought apples, that he was the defendant's agent, were admissible. Such evidence must have influenced the jury in passing on the question of authority, and for that purpose it was wholly incompetent.

It has been held that an agent's authority may be inferred from acts of a kind similar to that done in the case in which the proof is sought to be made. But the acts from which the inference of authority is sought to be drawn, must be acts done under authority of the principal. Authority cannot be inferred from any number, however large, of unauthorized acts. The declaration of the agent to the witness not being shown to be authorized, furnishes no proof of authority, even were an

agent's declaration to third persons competent in this action.

It is difficult, if not impossible, to ascertain from the decisions of the Court of Appeals, whether a receipt in full of a debt or claim may or may not be explained or contradicted by parol evidence.

In *Coon* v. *Knap*, (8 *N. Y.* 402,) the plaintiff and her sister had been injured by the carelessness of the defendant's driver, in upsetting a stage coach in which they were passengers. The defendant, while the plaintiff was suffering from her injuries, offered her and her sister $40 in full for their damages, which was accepted, but upon the condition that if they did not get well by a day named, it should not be in full. A receipt was drawn and signed, acknowledging the receipt of the $40 in full for damages, but nothing was said in it as to the condition. The plaintiff, not getting well by the time named, sued for her damages; the defendants put the receipt in evidence in bar of the action, and thereupon, the plaintiff offered to prove the parol condition. It was, however, objected to, on the ground that the receipt was a contract, and not the subject of explanation by parol. The objection was sustained, and the evidence rejected, on the ground that it was not competent to explain or contradict the writing.

In *Filkins* v. *Whyland*, (24 *N. Y.* 338,) and in *Terry* v. *Wheeler*, (25 *id.* 520,) receipts purporting to be in full payment for property purchased were held not to be contracts, and were therefore explainable.

In these cases the receipts were for money. It has been supposed that when the payment was in property other than money, a different rule prevailed, and the receipt was, in such cases, a contract, and not open to explanation or contradiction.

In *Kellogg* v. *Richards*, (14 *Wend.* 116,) the defendant offered in evidence, in an action for goods, &c., a note given by him to the plaintiff for the balance due

them. On the back was endorsed by the plaintiff a receipt acknowledging to have received of the defendant the note of a third person for an amount less than the balance, as a compromise for the full payment of this note. The plaintiff offered to prove that when the note described in the receipt was taken, the defendant promised to pay the balance. This evidence was held to be incompetent. The taking of the note in full for the debt was held to be a valid accord and satisfaction.

In *Buswell* v. *Poineer,* (37 *N. Y.* 312,) the plaintiff sued for the price of lumber sold, and on the bills were receipts in these words: "Rec'd payment by note, 3 months." Another in these words: "Received payment of M. K. & Co.'s note, 4 months." The plaintiff offered to contradict the latter receipt, by showing that the note therein mentioned was not received as payment, and the evidence was held competent.

It would not throw light on the question we are considering to multiply cases. From those cited, the following conclusions would seem to follow:

First. That a receipt for money, though it be said to be in full of the debt or demand upon which it is received, may be contradicted or explained by parol evidence. (*Ryan* v. *Ward,* 48 *id.* 204.)

Second. A receipt for the note of a third person is explainable, unless it be stated in it that it is received in full payment of the debt or demand on which it was to be applied. (*Bunge* v. *Koop, Id.* 225.) This is the distinction between the cases of *Kellogg* v. *Richards* and *Buswell* v. *Poineer, (supra.)* How sound the distinction is, it is not for us to say. It strikes me as it did Justice Nelson in *Kellogg* v. *Richards.* He says: "It is true there is not much of any ground for distinction between such a case (receiving property or other security) and one where a less sum of money is paid and agreed to be accepted in full."

Considering the paper relied on by the defendant as

defence, as a mere receipt for a given sum of money in full of the plaintiffs' debt, it is explainable unless it is to be treated, on the evidence before us, as an accord and satisfaction. But if it is to be considered an accord and satisfaction, it cannot be explained or contradicted by parol evidence. (*Kellogg* v. *Richards, supra.*)

The payment in money of part of a debt concededly due, which is agreed to be taken in full payment, is not an accord and satisfaction. (*Seymour* v. *Minturn,* 17 *John.* 169. *Dederick* v. *Leman,* 9 *id.* 333.) When, however, the existence of the debt, or the amount of it, is disputed, and a sum of money less than the amount claimed is received in full payment, it is an accord and satisfaction. (1 *Wait's Pr.* 1041, *and cases cited.*) So, too, when the note of a third person for less than the debt, or property other than money, or when additional security is received in satisfaction of the debt, it is an accord and satisfaction, and bars a recovery for any part of the residue of the debt. (*Frisbie* v. *Larned,* 21 *Wend.* 450.)

When, however, the debtor delivers to his creditor, and the creditor receives property at a price agreed upon by them, and the amount thus paid is less than the debt, it is not an accord and satisfaction, notwithstanding the creditor agrees to take it as full payment of the debt. Such a delivery of property is in law equivalent to the payment of so much money, and we have seen that the payment of a sum less than the whole debt is not a satisfaction, although it may be agreed so to be. It is only when property is received in satisfaction, without any price being agreed upon at which it is to be estimated between them, that it becomes a valid accord and satisfaction. Such a delivery and acceptance is held to be binding on the creditor, because the parties have the right to determine, for themselves, the value of property transferred from the one to the other; and when once it is

determined, they are, in the absence of fraud, bound by such agreement.

There is no reason why, if parties so agree, a horse intrinsically worth but $50 may not be received in satisfaction of a debt of $1,000. No tribunal is authorized to repudiate the arrangement and fix a price on the animal for them.

The sheep that were delivered by the defendant to the plaintiff and others of his creditors, in part payment of the 20 per cent of the amount of their debts, were received at $5 per head. This operated only as the payment of so much money; and being less than the debt, was not an accord and satisfaction.

Because of the reception of incompetent evidence, the judgment should be reversed and a new trial ordered, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]