CHACE *et al.* v. HIGGINS, appellant.

*Practice — waiver of objections — statute of limitations — assignment of chose in action — evidence.*

In an action for legal services a portion of the claim had been assigned to one of the plaintiffs. The answer denied indebtedness and set up payment. At the trial the performance of the services and the assignment were not disputed, but no direct evidence was given of those facts. The defendant did not object to the want of such proof. *Held,* that the objection was waived and could not be raised in the first instance at the general term.

Defendant wrote to plaintiff a letter containing the following: " I wish you would send a bill of items of your account (I have none, etc.), and as I expect to leave the city to be absent west about two weeks, I will see you soon after my return and will endeavor to close the matter satisfactorily to you." *Held* sufficient to take the debt out of the statute, it being an acknowledgment of its existence in writing, subscribed by defendant.

Plaintiffs were copartners, but previous to the commencement of the action had dissolved partnership and had mutually agreed that the accounts of the firm should be turned over to one partner, there being a balance due him from the firm. Defendant had notice of this arrangement.

*Held,* that defendant could not plead a settlement made after such notice with the other partner as an extinguishment of his indebtedness to the firm.

That evidence of the arrangement made between the partners was not objectionable on the ground that it was a communication between the plaintiffs not made in defendant's presence. It was not such a communication,

but an agreement between plaintiffs for the transfer of the accounts of the firm, and as such was admissible in answer to defendant's claim of settlement.

Evidence tending to show that collateral transactions of a party testified to by impeaching witnesses were not discreditable was properly rejected as immaterial.

APPEAL from judgment in favor of the plaintiff recovered on the report of a referee. The facts appear in the opinion.

*S. L. Magoun,* for appellant.

*Newkirk & Chace,* for respondent.

DANIELS, J. The plaintiffs recovered the amount found to be due and owing on two accounts for legal services performed for the defendants. The first, being for the sum of fifty-five dollars and fifty cents, was for services rendered by the plaintiff Chace, by whom an undivided third of it was assigned to the plaintiff Snyder, prior to the time of the commencement of the action. The second was for services rendered by both plaintiffs as partners, and the balance claimed and found to be unpaid, was the sum of one hundred and thirty-three dollars and ninety-six cents.

No disputes seem to have been made on the trial as to the rendition of the services, the assignment of the third of the first account, or as to the value of the services or amounts of the accounts. And under the pleadings, probably no objection could very well have been taken on either ground to the right of the plaintiffs to recover For, by the first subdivision of the answer, a discharge of all the plaintiffs' demands was alleged to have been given on the payment of fifty dollars. By the second, the statute of limitations was relied upon as a defense to the first demand. And, by the third, the defendant denied that he was indebted to the plaintiffs in any sum whatever, and alleged that the accounts for which the action was brought had been fully paid and satisfied. The only denial being simply that of an indebtedness, it may well be doubted whether it put in issue any fact set forth in the complaint. If it did, it was not a denial that the services had been rendered or the assignment made, but assuming both to have been true, still the defendant was not, on that account, indebted to the plaintiffs.

That was the effect of the answer, and the action seems to have

been tried on that view of the case as it was presented by the pleadings. For no direct proof of the rendition of the services or the execution of any assignment was given upon the trial. But in the evidence of the witnesses, it was assumed that those facts existed. They were examined and testified as though those were not matters disputed in the case. And, when the plaintiffs rested, and at the time the case was finally closed before the referee, no objection was made to the right of the plaintiffs to recover for want of direct affirmative proof of those facts. For those reasons the objection, if it could have been properly taken, was waived by the defendants, and he cannot now, for the first time, insist upon its validity. That should have been done when the plaintiffs might have obviated it by proving that the services had been rendered and the assignment had been made. *Jencks* v. *Smith,* 1 N. Y. 90, and cases cited in the opinion.

The only point to be considered, therefore, concerning the first account is whether it was barred by the statute of limitations. For the plaintiff Snyder, who made the settlement relied upon by the defendant, testified that there was no attempt to settle the first account, and that he told the defendant he had nothing at all to do with that. The referee found as a fact that the first account was not included nor intended to be included in the settlement. And he was undoubtedly right in adopting the evidence given by Snyder on the subject. Because it did not appear that the defendant understood that any portion of the first account was assigned to Snyder until after the settlement was made. On the contrary the fact was the other way. For the settlement was made, according to the date of the receipt, on the 3d of April, 1870, and the complaint containing the statement of the fact that an assignment of one-third of the account had been made by Chace to Snyder was not served until the next day.

That account accrued in the year 1860, according to the statement made of it in the case, and not between that time and the first of April, 1864, as the referee has stated in his report. The action was commenced on the first of February, 1870. It was therefore barred by the statute unless the defendant's letter of the thirteenth of April, 1869, contained such an acknowledgment of it as to constitute an abandonment of that defense. This letter was shown to relate to the demands involved in this action, and it was written by the defendants to Chace, one of the plaintiffs. And it contains the

following clauses: "I would like very much to see your bill and talk a little more with you in a friendly manner about it." * * * "I supposed you knew me well enough to know that I design to do nothing mean, much more dishonest." * * * "As for satisfying of a court and a jury and a public of your demands being just, I wish no such satisfying. I wish you would send a bill of items of your accounts (I have none; you perhaps think I have, but I have not), and as I expect to leave the city to be absent west for about two weeks, I will see you soon after my return and will endeavor to close the matter satisfactorily to you."

This letter throughout assumed and treated the demand made by Chace as one existing against the defendant, its writer. It was a substantial acknowledgment of the debt, but not its amount, and as such it was enough to deprive the defendant of the benefit of the statute of limitations as a defense. For from the acknowledgment made of its existence, the law will imply a promise on the part of the defendant to pay it. It was an acknowledgment of a subsisting liability, and that was a sufficient answer to the defense dependent on the statute. *Allen* v. *Webster*, 15 Wend. 284; *Murray* v. *Coster*, 20 Johns. 576; *Winchell* v. *Hicks*, 18 N. Y. 558, 560; *Sharpley* v. *Abbott*, 42 id. 443, 446. And as it was in writing, subscribed by the defendant, that complied with what the Code required to be done in order to render it an effectual answer to the defense set up that the action was not brought in time.

The defense made to the second account being for services rendered by the plaintiffs as partner was a settlement and payment of the sum of fifty dollars in full to the plaintiff Snyder. Evidence was given tending to show that Chace and Snyder, the plaintiffs, dissolved their partnership several years before the settlement was made, and under objection by the defendant, that Snyder was then in debt to Chace, and turned over the accounts and books of the firm to him to collect the outstanding debts and extinguish the indebtedness by means of the collections. The defendant objected to this evidence unless notice of the arrangement was given to him also, on the ground that it was communications between the plaintiffs when the defendant was not present, and because the agreement was not alleged in the complaint. The first ground of objection would have been valid if evidence had not been given tending to show that the defendant had notice of the arrangement before he made the settlement relied upon with the plaintiff Snyder. For

without that he would be entitled to act upon the presumption that each partner had unqualified authority to settle and receive payment of the debt. But evidence was given by the plaintiff Chace that he had given notice to the defendant in 1867 that Snyder had turned over the account of the firm to him for the payment of what was owing to him, and that he could not settle with Snyder. The defendant denied this notice. But the referee has found the fact against him. And as evidence tending to impeach the defendant as a witness was given on the trial, this conclusion cannot be held to be unsustained. The answer to the second portion of the objection is that the proof offered was not of communications between the plaintiffs, but of an agreement made and performed by the actual transfer of the accounts owing to the firm. It was a transaction which transferred the joint interest of one partner to the other, so far as it might be required to discharge the debt owing by the assignor. And enough was shown to justify the referee in the conclusion he came to, that such a transfer in fact was made. For delivering over the books containing the accounts in compliance with the terms of the agreement made for that purpose, was an assignment of them to the party receiving them, although the defendant was not present and was not a party to the transaction. 1 Cow. Treat. (3d ed.) 76, and cases referred to.

It was not necessary to allege the agreement for the transfer in the complaint, for it was no part of the cause of action. It was simply an answer to the defense made that the demand had been settled, and was admissible under the provisions of the Code relating to defenses not requiring a reply, providing that they are to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require. Code, § 168. The evidence objected to by the defendant's counsel was properly received. And as it was followed by proof that the defendant had notice of the transfer of the account by Snyder before he settled with him, it rendered the settlement invalid. That was sufficient to justify a recovery against him notwithstanding the settlement he afterward made with Snyder. For at that time he still remained indebted to his partner Chace.

As the transfer of the account by Snyder to Chace was satifactorily established before the referee, and the further fact was shown that the defendant had notice of the transfer before he settled with Snyder, the settlement was necessarily invalid, and the plaintiffs on

these facts were entitled to recover the debt the same as though no settlement had in fact been made. For that reason it is unnecessary to examine the objections taken to the evidence offered for the purpose of showing that the entire account owing to the firm was not settled between the parties. But without doing so it may as well be added that such evidence seems to have been treated as admissible even where receipts as full and complete as the one proved upon the trial were shown to have been executed and delivered. *Ensign* v. *Webster*, 1 Johns. Cas. 145; *House* v. *Low*, 2 id. 378; *Tobey* v. *Barber*, 5 id. 68; *Putnam* v. *Cevis*, 8 id. 389; *Buswell* v. *Poineer*, 37 N. Y. 312; *Eaton* v. *Alger*, 2 Keyes, 41; *Ryan* v. *Ward*, 48 N. Y. 204.

The facts found by the referee upon evidence clearly admissible were sufficient to warrant a recovery to the amount reported by him. And even though he may have erred in receiving evidence on other subjects, the error could not, under the circumstances, have produced any injury to the defendants.

The evidence offered to prove that the transactions, mentioned by the impeaching witnesses on the defendant's cross-examination of them, were not discreditable to the defendant, was properly rejected. If such evidence could be given it would be difficult to see where the trial of collateral inquiries could be brought to an end. For that reason the party pursuing such an examination is concluded by the statements he may be able to adduce from the witnesses making them. This is the rule as to all merely collateral inquiries, and it includes those referred to in the defendant's offer.

No ground appears for interfering with the conclusions of the referee, and the judgment should therefore be affirmed, with costs.

MILLER, P. J., concured.

P. POTTER, J., concured in result.

*Judgment affirmed.*