Wright, J.
Action in replevin for the recovery of a canal boat. The jury rendered a verdict for the plaintiff, and fixed the value of the boat at $800 and the damages for its detention at $2,500.
The plaintiff had title to and the right of possession of the canal boat in question by virtue of an overdue mortgage. When he attempted to foreclose he found one Petrie in possession of the boat by virtue of a mortgage executed to the defendants subsequent to the plaintiff’s mortgage. He forcibly prevented the plaintiff from taking possession of the boat, advertised and sold it, under said subsequent mortgage.
The plaintiff claims that Petrie was the defendants’ agent in¡ this transaction. >
An assignment of the last-mentioned mortgage, executed by the defendants to said Petrie, appeared on the back thereof, and the defendants claimed on the trial that Petrie- was acting in said, transaction for himself individually as owner of the mortgage and not as their agent. Acts of Petrie in converting the boat were given in evidence upon the assurance of the plaintiff’s counsel that his agency would afterwards be proved, and his statements that he was acting as agent of the defendants were allowed also in anticipation of such proof.
The allowance of said testimony,- while out of its strict order, was discretionary with'the trial judge, and was not error.
The defendant’s learned counsel now urges that there was not sufficient evidence of Petrie’s agency to take the case to the jury. It was shown that the defendants were residents of Tonawanda, and mailed their mortgage to Petrie at New York city; that the mortgage was then overdue ; that Petrie received a letter from the defendants which accompanied the mortgage, and which directed him to take possession of the boat; part of which testimony in this last clause was drawn out by the defendant’s counsel and no motion was made to strike out the parol evidence of the contents of the letter, which was thus far given without objection, and, therefore, is proper to be considered. Link v. Sheldon, 136 N. Y. 1; 48 St. Rep. 820. And testimony was given tending strongly *797 to show that no assignment to Petrie of the mortgage existed at the time of the commission of the acts complained of. The evidence was clearly sufficient to warrant the jury in finding in the affirmative on the question of Petrie’s agency, and, therefore, sufficient to authorize the allowance of the testimony of the witnesses darter and Kent, showing the acts and declarations of Petrie, to the effect that immediately upon the receipt of the mortgage and letter of instructions from the defendants Petrie took possession of the boat, claiming to act as the defendants’ agent, and authorized its sale at auction under the defendants’ mortgage, and bid it off in the name of the defendants.
It being shown that the letter of instructions to Petrie authorized him to take possession of the boat, said declarations of Petrie are competent to show that he had accepted said agency, and that in the forcible holding and disposition of the boat, in defiance of the plaintiff’s rights, he held himself out as acting in the capacity of such agent, and the defendants are bound by such representations to that extent. McArthur v. Soule, 5 Hun, 63; Howard v. Norton, 65 Barb. 161; Mayer v. Dean, 115 N. Y. 556; 26 St. Rep. 375; Moore v. King, 57 Hun, 224; 32 St. Rep. 808.
The defendants are thus liable for Petrie’s said tortious act, done in the course of his agency, though it may have been in excess of the strict letter of his instructions. Lee v. Sandy Hill, 40 N. Y. 448; Fishkill Sav. Instn. v. Nat. Bank, 80 Id. 162.
The witness Eose testified that the defendant Mulhall stated to him that the defendants employed Petrie to foreclose the mortgage. The charge of the court limited the application of this testimony to Mulhall only, and excluded its consideration as to the other defendants.
The jury were properly cautioned not to consider Petrie’s statements to the witnesses Carter & Kent, relative to this agency, as evidence to establish such agency, any farther than it contradicted his testimony in that particular. It was properly received for that purpose. Tripp v. Kirmes, 16 St. Rep. 600.
Petrie committed a high-handed outrage against the plaintiff in running the boat off in willful and open defiance of the plaintiff’s rights, which he well understood, and now the defendants endeavor to screen themselves from liability by presenting a fictitious assignment of the mortgage to Petrie, thus getting behind his insolvency, in claiming that he was acting as owner of the mortgage, and not as their agent.
The damages, though large, were warranted by the evidence.
/ The motion should be denied, with costs.
Motion denied, with costs.