# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

OCTOBER TERM, 1894.

JAMES A. GRIFFITH, Plaintiff in Error, v. JOHN CREIGH-
TON, Administrator of JOHN E. STONEBRAKER,
Defendant in Error.

St. Louis Court of Appeals, January 29, 1895.

1. **Receipts:** COMPETENCY OF ORAL TESTIMONY IN CONTRADICTION. A
mere receipt is always open to explanation by parol.

2. **Accord and Satisfaction.** When property is received in satis-
faction of a debt without any agreed price at which it is to be
estimated, the transaction becomes an accord and satisfaction, irre-
spective of the intrinsic value of the property.

3. ————. But payment, either in money, or property taken at a fixed
monetary price, of a part only of an undisputed debt is not of itself
a further discharge of the debt than the sum paid, notwithstanding
the parties may have agreed that such part payment shall extinguish
the whole indebtedness.

4. **Payment:** BURDEN OF PROOF. The party who alleges payment has
the burden of proof in regard thereto.

*Error to the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*J. D. Hostetter* for plaintiff in error.

*Clark & Dempsey* for defendant in error.

BOND, J.—This action was begun in the probate court of Pike county for classification of two judgments as demands against the estate of J. E. Stonebraker, deceased. These judgments had been recovered by plaintiff in error during the lifetime of said Stonebraker on account of money paid as his surety. One for $733.13 was dated twenty-first of May, 1879; the other for $456.08 was rendered twentieth of May, 1892, and bore interest at ten per cent. The lien of the first was revived in the Louisiana Court of Common Pleas, May 19, 1894. Proceedings were begun on the seventeenth of October, 1890, to revive the lien of the second, but were dismissed November 21, 1890. There was no satisfaction of record of either of said judgments. On the trial in the probate court a verdict was rendered in favor of the administrator of the estate of J. E. Stonebraker. On the trial upon appeal to the circuit court a judgment was likewise rendered for said administrator, from which the case is brought here by writ of error.

On the trial in the circuit court plaintiff in error exhibited certified copies of the judgments aforesaid, attested as required by law, and defendant in error introduced in evidence the following receipt:

"Received of John E. Stonebraker, Jr., eight calves and thirteen sheep; also two cows in lieu of six sheep, and said Griffith is entitled to one more sheep,

that was taken from Dr. Buckner's by Terry Wells. Above delivery of stock was made this 24th (sic) day of May A. D. 1895, in compliance with a contract made at Louisiana in full settlement of judgments.

"May 21, 1895.    JAMES A. GRIFFITH,

"Ramsey Creek, Pike County, Mo."

There was oral testimony tending to show that said receipt was given in full settlement and payment of the judgments in question. There was also oral testimony, given for plaintiff in error, tending to prove that it was understood by the parties to said receipt that the cattle therein described should be taken by plaintiff in error at a valuation of $300, and not as a further payment on said judgments. There was also evidence tending to prove that the proceedings, to revive said last named judgment, begun, as above stated, were dismissed upon the promise of the intestate of the defendant in error to make further payments on said judgments.

The court gave for defendant in error an instruction submitting to the jury, upon the evidence, the question whether plaintiff in error "accepted the live stock mentioned in the receipt read in evidence in full payment and satisfaction of his judgment."

That instruction was clearly proper, so far as it submitted the intent of the parties in giving the receipt. A mere receipt is always open to explanation by parol. *Cole County v. Dallmeyer*, 101 Mo. *loc. cit.* 57; *State ex rel., v. Cummisky*, 34 Mo. App. *loc. cit.* 199. This rule is unvarying, unless there is something in the transaction to take the paper in question out of the class of receipts for money, and place it in the category of valid contracts. *State ex rel. v. Cummisky*, 34 Mo. App. *supra*. It was not correct, however, in other respects, because it ignored the theory of the case presented by plaintiff's evidence, to the effect that the stock described in the receipt was received by plaintiff

in lieu of a moneyed payment of $300 on the judgments in suit. For the law is that payment, either in money or property taken at a fixed monetary price, of a part only of an undisputed debt is not of itself a further discharge of the debt than the sum paid, notwithstanding the parties may have agreed that such part payment shall extinguish the whole indebtedness. On the other hand, when property is received in satisfaction of a debt, without any agreed price at which it is to be estimated, the transaction becomes an accord and satisfaction irrespective of the intrinsic value of the property. *Howard v. Norton*, 65 Barb. 161; *Deutmann v. Kilpatrick*, 46 Mo. App. *loc. cit.* 629.

The court also erred in refusing an instruction, proffered by plaintiff in error, to the effect that the burden of proof rested upon the defendant in error under the issues herein. There is no rule better established than the one requiring the party alleging payment of a demand to make affirmative proof of such plea. This principle was ignored by the court's refusal of the instruction thereon, tendered by plaintiff in error. For these reasons the judgment must be reversed, and the cause remanded. All concur.