(17 Misc. Rep. 581.)

## HEROLD v. FLEMING.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

EVIDENCE—PAROL—TO SHOW TERMS OF CONTRACT PARTLY VERBAL.

Defendant, who owed plaintiff $275, gave him $75 in money, and the note of a third person for $200, payable to defendant, and indorsed by him without recourse, and took from plaintiff a receipt for "two hundred seventy-five ($275), being in full of all payments," etc. *Held*, that parol evidence was admissible to show whether it was agreed by the parties that the note should be received as a payment.

Appeal from city court of New York, general term.

Action by George Herold against John Fleming. From a judgment of the city court (38 N. Y. Supp. 1144) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. Tredwell Richards, for appellant.

Emanuel J. Myers, for respondent.

BISCHOFF, J. The burden of the defendant's appeal is that the trial court erroneously permitted the plaintiff to recover upon

parol evidence which tended to vary or contradict an agreement in writing. Scrutiny of the record, however, demonstrates that this contention is invalid. The plaintiff sued to recover the agreed compensation of $275, less $75 concededly paid, due him for services rendered at the defendant's request in and about the letting of the latter's premises. The only defense was that the balance of $200 was paid by the delivery and acceptance of the note of a third person for such amount; the note being payable to the defendant's order, and indorsed by him "without recourse." At the trial it appeared that at the time of the payment of the $75 above alluded to the plaintiff received from the defendant the following note, and gave him the following receipt:

"New York, January 12th, 1893.

"3 months after date, I promise to pay to the order of John Fleming $200, at 1619 Second avenue and 84th street, value received, with interest at —— per cent. per annum.                                            Fred Daub.

"[Indorsed] Without recourse. John Fleming."

"Recd., New York, January 27/94, two hundred and seventy-five ($275) dollars, being in full of all demands for commission for renting premises 84th St. E. R. & 2nd Av. for the full term of 10 years.          George Herold."

Oral evidence was introduced,—without objection from either party,—for the defendant, tending to show that at the time of the exchange of the written instruments above mentioned it was agreed that the note itself should be received and applied by the plaintiff in extinguishment of the balance of his claim for services or commissions; and for the plaintiff, tending to show that the agreement was to the effect that he should take the note for collection only, and apply the proceeds, when collected, to the payment of his demand. This conflict was resolved by the jury in the plaintiff's favor, and with the weight of the evidence we have no concern. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.

Exception was taken in the defendant's behalf to the court's refusal to charge "that the taking of the note of a third person, indorsed 'without recourse,' constitutes a payment, and that the writing must control any oral statements made at the time." The vice of the proposed charge was that it eliminated the element of an agreement as a constituent of the fact of payment. 18 Am. & Eng. Enc. Law, 150. Unquestionably, if the terms of the agreement are expressed in writing, resort to parol evidence, for the purpose of showing the terms to have been other than as so expressed, cannot be had; and to that effect only are the cases cited by the defendant's counsel. But in the case at bar no agreement to give and receive the note in payment was intrinsically apparent from the instruments in evidence. Hence the defendant's resort to parol evidence to show the fact of payment by the note. Buswell v. Poineer, 37 N. Y. 312. Obviously, but for such parol evidence the plaintiff was entitled to the direction of a verdict in his favor for the amount of his conceded demand.

An exception likewise appears to the court's refusal to charge "that the plaintiff, by retaining the note after its dishonor, and by failing to return the same until his trial here, adopted the note as

payment of his debt, and took it as his own; that, if he intended to treat it as the property of Fleming, it was his duty to return it to him, and, whatever their relations were before that time, by retaining it after the nonpayment he adopted the note as his own." Waiving the objection to this proposed charge that the plaintiff claimed to have the note for collection, and that he was not in default in its return until demand therefor, the request to charge also ignored the necessity of an agreement to give and apply the note in extinguishment of the demand as a constituent of payment. Possibly, the plaintiff's retention of the note afforded some corroboration of the defendant's contention that it was agreed to be applied in payment; but the former's continued possession of the note, under the circumstances narrated by him, could not, without more, have the effect of payment, to wit, the application of the note in extinguishment of the debt pursuant to the agreement of the parties. The proposed charge was therefore justly refused.

Other exceptions which appear in the record are in several instances of the same tenor as those discussed. The remaining exceptions are not of sufficient gravity to merit discussion.

The judgments of the general and trial terms of the court below are affirmed, with costs. All concur.