ELIZA HALSEY WELLS, Appellant, v. HENRY MANNING WELLS, Respondent.— Motion to resettle order denied, without costs, and without prejudice to an application at Special Term to vacate the present final judgment and to have a final judgment entered according to law on the new interlocutory judgment entered or to be entered. Present — Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ.

FRANK AMATO, Respondent, v. ANNA AMATO, Appellant.— Order denying defendant's motion to open default affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

SAMUEL N. BAKER and RUSSELL H. FORD, Respondents, v. FRED L. REIS, Appellant.— Order of the County Court of Westchester county, denying defendant's motion to dismiss complaint and grant judgment for defendant on the merits, reversed upon the law and the facts, with ten dollars costs and disbursements, and complaint dismissed, with ten dollars costs, with leave to plaintiff to amend complaint upon payment of ten dollars costs of motion and costs of appeal to appellant. (Civ. Prac. Act, § 283.) The motion in question is not a motion addressed to the pleadings within the meaning of section 244 of the Civil Practice Act, and cannot be defeated by the service of an amended complaint. Such amendment can only be granted by the court upon terms. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

PHILIP BALLEN and CHARLES T. SHAW, Respondents, v. E. CLIFFORD POTTER, H. ARTHUR POMROY and THE FARMERS' LOAN AND TRUST COMPANY, as Trustee, etc., Appellants, and RAYMOND C. PAYNE, Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed dismissing the complaint and decreeing upon the counterclaim specific performance in favor of defendants against the plaintiffs herein. The finding that plaintiffs had given defendants a notice on May 21, 1926, that no further adjournments could be had after May 28, 1926, and that that in fact made time of the essence on May 28, 1926, is against the weight of the evidence. The evidence to that effect is not of the clear and unequivocal character that is essential to have such an effect. The request of defendants on May 28, 1926, for a further adjournment of two weeks was unreasonably refused by plaintiffs, under the circumstances, time not being of the essence under the contract and the stipulations of adjournment thereunder. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in accordance herewith. The appeal from the order denying motion to continue the trial is dismissed, in view of the foregoing disposition of the main appeal. Lazansky, P. J., Rich, Hagarty and Carswell, JJ., concur; Kapper, J., dissents from that part of the decision which directs a dismissal of the complaint, and votes for a new trial, at which it may appear more definitely that the parties were apprised of the purpose of the vendee to make public sale of the lands on July fourth. Settle order on notice.