MANSE BUILDERS, INC., Plaintiff, *v.* WALTER P. NORTHRUP, Defendant.

Supreme Court, Special Term, Monroe County, February 14, 1946.

*Glenn L. Buck* for defendant.

*William B. Hanks* for plaintiff.

CRIBB, J. This is a motion by the defendant to dismiss the complaint on the merits on the ground that the action is barred by the six-year Statute of Limitations and for judgment dismissing the complaint on the merits, with costs.

By the complaint which is the subject of this motion the plaintiff seeks to recover from the defendant $1,000 which is the alleged purchase price of ten shares of the plaintiff corporation's stock purchased by defendant on December 23, 1939. The summons and complaint were received by the sheriff of the county where defendant resided on December 23, 1945, and were served on defendant January 3, 1946.

The transaction whereby defendant purchased the stock having occurred on December 23, 1939, the time within which an action could be brought to recover the purchase price expired at midnight on December 22, 1945.

Notice of this motion was served on plaintiff's attorney January 22, 1946. The motion was returnable and was argued January 31, 1946. Decision was reserved to enable plaintiff to secure an affidavit from the sheriff as to when he received the summons and complaint. On February 8, 1946, the plaintiff served an amended complaint wherein he sets forth the purchase of the stock by defendant as alleged in the original complaint, and then alleges that as a part of the consideration for the purchase price of said stock the defendant " made and delivered to the plaintiff his promissory note in writing, dated December 23, 1939, wherein and whereby he promised to pay to the order of the plaintiff at Rochester, New York, on or before June 23, 1940, the sum of six hundred dollars ($600.00) with interest ", no part of which has been paid, and demands judgment in that amount with interest. A copy of the amended complaint has been received by this court together with the affidavit of the sheriff showing when the *original* summons and complaint were received by him for service. The amended complaint was returned by the attorney for defendant on the same day it was served with notice that it was returned because there is pending an undecided motion for dismissal of the original complaint on the grounds stated, and that the amended complaint purports to set up an action on a note not mentioned in the original complaint and that plaintiff has no right to amend to the prejudice of the defendant.

The original complaint sets up an action to recover $1,000, the full purchase price of the stock, and makes no mention of the promissory note alleged in the amended complaint to have been given as part payment of the purchase price. The action was barred by the Statute of Limitations. The time within which to sue expired the day before the summons and complaint were received by the sheriff for service.

The motion by defendant for dismissal of the original complaint does not attack the complaint in any way. In effect it admits that a cause of action by plaintiff is properly pleaded. It is not addressed to the complaint, but rather seeks its dismissal on the merits.

The plaintiff maintains that he could serve an amended complaint, within twenty days after the service of notice of the motion upon him, as a matter of right under section 244 of the Civil Practice Act. This section provides that a pleading may be once amended within twenty days after the service of a notice of motion " *addressed to the pleading* " (italics supplied). He has not such right if the motion is on the merits and such motion cannot be defeated by the service of an amended complaint (*Baker* v. *Reis*, 223 App. Div. 842). The motion to dismiss the complaint is granted together with judgment for the defendant on the merits, with costs, and $10 costs on this motion.

A somewhat unusual situation is presented by the fact that although any action to recover the purchase price of the stock, as set forth in the original complaint, is barred by the Statute of Limitations, the time within which to sue on the promissory note given in part payment of the purchase price has not expired. The giving of a note is not payment of the indebtedness, but merely suspends the right of the creditor to payment until the maturity of the obligation, at which time he is free to pursue any remedy he may have. (*Smith* v. *Treuthart*, 130 Misc. 394, and cases cited.) Section 244 of the Civil Practice Act makes no restriction as to the nature of the amendment and an entirely new cause of action may be set up. (*Chaddock* v. *Chaddock*, 130 Misc. 900.) Plaintiff should be permitted to serve amended complaint upon payment of costs in the action set up by the first complaint, together with $10 motion costs.

Let order enter accordingly.