In the Matter of the Application of CELESTINE A. THOMSON, Respondent, to Compel the Accounting of Lawyers Trust Company as Successor Trustee under a Trust Created by CELESTINE A. BURCHELL. FRANK P. NOHOWEL, as Executor of CELESTINE A. GARDNER (Formerly CELESTINE A. BURCHELL), Deceased, et al., Appellants; JOSEPHINE M. BURCHELL et al., Respondents; et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. (See *Richardson* v. *Richardson*, 298 N. Y. 135.) Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See *post*, p. 1033.]

JAMES R. ROSS, Respondent, v. WATERS S. DAVIS, JR., Appellant.— Order unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

JOSEPH ROSENKRANTZ, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.—Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

### (November 23, 1948.)

In the Matter of the Arbitration between ALBRECHT CHEMICAL Co., INC., and ANDERSON TRADING CORP.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 923.]

### (November 24, 1948.)

THE VERPLEX COMPANY v. MONITOR EQUIPMENT CORPORATION.— Motion for leave to appeal to the Court of Appeals and for a stay denied, with $10 costs, and stay vacated. Present — Peck, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ. [See *ante*, p. 881.]

### (November 29, 1948.)

J. A. GERARD, INC., Respondent, v. PITTSBURGH MILL STEEL COMPANY, INC., Appellant.— The complaint introduces the *force majeure* clause into the litigation, pleads its meaning and defendant's commitment and default thereunder. Defendant is entitled to plead, as it does in its first defense, the meaning of the *force majeure* clause under the circumstances surrounding its adoption, and that defendant's failure to make delivery was not its fault. Whether defendant's interpretation of the clause contradicts the writing can best be determined at the trial. Considered as a plea of mutual mistake and giving it the broadest possible intendment we think the second defense may also stand for trial. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.