Saul S. Streit, J.
Defendants had moved for dismissal of each cause of action for legal insufficiency and as to the defendant corporation upon the further ground that the claim set forth in each cause of action is harred under the provisions of the Statute of Frauds (Rules Civ. Prac., rule 107, subd. 7). The motion was granted dismissing the complaint and each cause of action against the corporate defendant without leave to amend and the second cause of action against the individual defendant, and canceling the lis pendens. Prior to decision and within the 20-day period as provided by section 244 of the Civil Practice Act an amended complaint was served.
Plaintiff now moves for an order compelling the defendants to accept the amended complaint and deeming abated defendants’ motions heretofore made, or, in the alternative, granting leave to amend and vacating the prior disposition insofar as it is inconsistent with such leave and insofar as it concerns the cancellation of the lis pendens.
*1062 The question posed here is whether a motion to dismiss a complaint on the ground that an agreement which constitutes the gravamen of the action is unenforcible by reason of the Statute of Frauds is a motion addressed to the pleadings and accordingly defeated by the service of an amended complaint pursuant to section 244 of the Civil Practice Act, or is a motion addressed to the merits and accordingly indefeasible.
Plaintiff relies upon Ross v. Davis (83 N. Y. S. 2d 85, affd. 274 App. Div. 925), which held that a motion made under subdivision 5 of rule 107 to dismiss on the ground that the action is barred by the Statute of Limitations is a motion addressed to the pleadings and hence defeasible by the service of an amended complaint under section 244 of the Civil Practice Act.
Although the rule in the Second Department is to the contrary (see Baker v. Reis, 223 App. Div. 842), the Boss v. Davis (supra) principle seems sounder law. The defense that an action is time-barred is a procedural one, specifically provided in article 2 of the Civil Practice Act. It operates only as a bar to a remedy which otherwise may be wholly meritorious.
The defense of Statute of Frauds, on the other hand, is a substantive one, and goes directly to the merits of the claim. It was on that ground that the motion under rule 107 was brought by the corporate defendant in the case at bar. The court was not confined within the framework of the pleadings, but rather was able to and did explore the vulnerability of the agreement, upon which the complaint against the corporate defendant was based, on the merits by way of the affidavits submitted in support of and in opposition to the motion. A determination was made affecting the merits of the claim, and not merely the procedural availability of the claim as it may have been affected by the time limitations provided in the Civil Practice Act.
Had the corporate defendant here joined issue by the service of an answer, it could have immediately moved under rule 113 of the Rules of Civil Practice for summary judgment on the ground that the plaintiff’s agreement upon which its claim was based was .void as within the Statute of Frauds (Real Property Law, § 259). Under such circumstances, the service of an amended complaint would have been unavailing to the plaintiff to defeat the motion. It is well settled that a motion under rule 113 is not a motion addressed to the pleadings (see 4 Carmody-Wait, New York Practice, ch. 34, § 11, p. 546).
The motion under rule 113 would have been granted on the ground that “ the action or claim has no merit.” The fact that the corporate defendant moved under subdivision 7 of rule *1063 107 before the service of its answer did not make its motion any less one addressed to the merits.
Accordingly, plaintiff’s motion is denied as to the corporate defendant.
Since the motion of the individual defendant was directed solely to the pleading, pursuant to subdivision 4 of rule 106 and the second cause of action was dismissed without leave to amend, the motion as to the individual defendant is granted. However, since presumably the amended complaint is directed against both defendants, the relief is granted against the individual defendant by permitting plaintiff within 20 days after service of a copy of this order with notice of entry, to serve upon the individual defendant an amended complaint as to him alone.