Bernard Tomson, J.
The plaintiff seeks to recover for work, labor and services. The defendant contends that, although the value of the work done was as claimed by the plaintiff, a payment of $2,250 was made by negotiating to the plaintiff a promissory note of a third party in that sum. The defendant’s indorsement was “ without recourse.”
The testimony was sharply conflicting as to the conversation at the time the note was given. The defendant urges that his version of the discussion and the restrictive indorsement, though not conclusive, should result in the inference that there was an agreement between the parties to accept the note as an unconditional payment.
Accord and satisfaction and payment are affirmative defenses which must be pleaded and the burden of persuasion is on the *623 party pleading such an affirmative defense. (Reilly v. Barrett, 220 N. Y. 170, 173; Ciufo v. Ciufo, 60 N. Y. S. 2d 848, 865; Lion Brewery v. Loughran, 223 App. Div. 623; Fry v. Williams, 141 Misc. 815; 5 Carmody-Wait, New York Practice, 2d ed., §§ 30:53, 30:61; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3018.13, 3018.18.) Generally, on burden of pleading and persuasion, see authorities cited in Liberty Lbr. Co. v. Pye (44 Misc 2d 950) and Bishop Estates v. Murphy (41 Misc 2d 719).
Section 3-802 of the Uniform Commercial Code, entitled “ Effect of Instrument on Obligation for Which It Is Given ” reads: “ (1) Unless otherwise agreed where an instrument is taken for an underlying obligation * * * (b) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation-, discharged of the underlying obligor on the instrument also discharges him on the obligation.” (Emphasis supplied.)
Note below: “ Practice Commentary” by William C. Pierce and “ Official Comment,” 3. following this section in McKinney’s Consolidated Laws of New York (Book 62½, Uniform Commercial Code, p. 498). See, also, New York Jurisprudence. Payment (vol. 43, § 42 et seq.) where it is stated (p. 487): “ Prior to the Uniform Commercial Code the intention of the parties ordinarily prevailed in determining whether the delivery and acceptance of a negotiable instrument drawn by the debtor or by a third person was to be treated as payment in themselves, or as payment conditional on the honoring of the paper by the drawee. But in the absence of a demonstrated intention the general rule was that the acceptance of a commercial paper by a creditor for an antecedent debt did not constitute an absolute payment.” (See, also, Scdwitz v. Arnold, 164 Misc. 892; Industrial Bank of Commerce v. Shapiro, 276 App. Div. 370, app. dsmd., 300 N. Y. 741, affd. 302 N. Y. 566; Manse Bldr. v. Northrup, 186 Misc. 839; Sawyer v. Marmaro, 134 Misc. 476, affd. 228 App. Div. 754; and, cf. Chatham Security Corp. v. Williston & Beane, 41 Misc 2d 817, affd. 22 A D 2d 260.)
Of some interest is Herold v. Fleming (17 Misc. 581, 582 [App. Term, 1st Dept.]) where the court below refused to charge as requested “That the taking of the note of a third person, indorsed without recourse, constitutes a payment, and that the writing must control any oral statements made at the time.” The appellate court said (p. 582): “ The vice of the proposed charge was that it eliminated the element of an agreement as a constitutent of the fact of payment.”
*624 On the evidence here it cannot be said, despite the indorsement ‘‘ without recourse,” that the defendant met the burden imposed upon it to prove that it was the intention of the parties to treat the note as absolute rather than conditional payment.
The defendant’s indebtedness was not therefore discharged by the delivery of the note; its obligation was merely suspended pro tanto until the instrument became due on September 18, 1964, at which time the plaintiff had the election of maintaining an action either on the instrument or on the obligation.
Accordingly, judgment is directed to be entered in favor of the plaintiff for the relief demanded in the complaint, together with costs, disbursements and interest from September 18, 1964.